Sammy Jefferson
FULL NAME

Sammy Jefferson
COMMITTED NAME (if different)

P.O. Box 7000 USP Florence
FULL ADDRESS INCLUDING NAME OF INSTITUTION

U.S. Penitentiary

PRISON NUMBER (if applicable)
29076044

FILED
CLERK, U.S. DISTRICT COURT

JAN 29 2021

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Sammy Jefferson

PLAINTIFF,

v.

C. Carter, Warden
DEFENDANT(S).

CASE NUMBER CV21-1001-PA (AS)
To be supplied by the Clerk

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☐ 42 U.S.C. § 1983
☑ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☑ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:

Plaintiff _____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it

appealed? Is it still pending?) _____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint

occurred? ☑ Yes    ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☑ Yes    ☐ No

If your answer is no, explain why not _____

_____

_____

3. Is the grievance procedure completed? ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Sammy Jefferson_

(print plaintiff's name)

who presently resides at _USP Florence P.O. Box 7000 Florence CO 81226_

( (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_C. Carter Warden and prior Warden J.A. Barnhart_

(institution/city where violation occurred)

on (date or dates) _March 10, 2021_____ , _____
                        (Claim I)           (Claim II)           (Claim III)

**NOTE:**    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant _M.D. Carvajal_____ resides or works at
            (full name of first defendant)
_Central office 320 First St. N.W. Washington DC 20534_
      (full address of first defendant)
_Director of Federal Bureau of Prisons (FBOP)_
      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
_Federal Bureau of Prisons (DCSS) applied an extra 7 months to his_
_original sentence. conflicts with his constitution and statutory rights_

2.   Defendant _____ resides or works at
            (full name of first defendant)
_____
      (full address of first defendant)
_____
      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
_____
_____

3.   Defendant _____ resides or works at
            (full name of first defendant)
_____
      (full address of first defendant)
_____
      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
_____
_____

on (date or dates) _January 15 2021_

            (Claim I)                       (Claim II)                (Claim III)

**NOTE:**    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant _C. Carter U.S. Penitentiary Florence_ resides or works at

    (full name of first defendant)

   _P.O. Box 7000 5880 State Highway FL CO 81226_

    (full address of first defendant)

   _Current Warden at time of filing_

    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_Deprivation of Mr. Jefferson's liberty misused and calculation of Warden, holding him in custody beyond Judgement violation Fifth Amendment_

2.   Defendant _____ resides or works at

    (full name of first defendant)

   _____

    (full address of first defendant)

   _____

    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

3.   Defendant _____ resides or works at

    (full name of first defendant)

   _____

    (full address of first defendant)

   _____

    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

on (date or dates) June 12, 2020 . _____ , _____ .
(Claim I)                    (Claim II)                    (Claim III)

**NOTE:**   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant   J.A. Barnhart U.S. Penitentiary Florence resides or works at
    (full name of first defendant)
    P.O. Box 7000 5880 State Highway Fl Co 81226
    (full address of first defendant)
    Warden at the time herein alleged.
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual  ☑ official capacity.

    Explain how this defendant was acting under color of law:
    J.A. Barnhart deprived Mr. Jefferson liberty and its agents
    exercising federal authority, violation of his Fifth Amendment "due pos"

2.  Defendant   _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

3.  Defendant   _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

4.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

5.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D. CLAIMS***

CLAIM I

The following civil right has been violated:

Federal Bureau of Prisons (DCSS) applied additional punishment of 7 months, which U.S. District Court issued an amended judgment on 8/11/2015 with an effective date of 11/1/2015 reducing his sentence to 200 months on each count and five years supervised release. An incorrect official computation of sentence from 200 months to 207 months as an illegal increase sentence. Case No. 4:07 CR-184 run concurrently with sentence received 4:03-18.0049 [Docket entry no. 543 p. 22 LS 3 - 15] regardless of criticism for what appears no punishment for prior offenses. Judge Er Richard Webber "orally pronounced" the sentence or judgment entered upon the record of the sentencing court, moreso, Judge Webber secondly recomfirmed the sentence he imposed on the date above he is making it that sentence run concurrently in case 4:03-CR-0049-ERW for a supervised release revocation in the same federal court district for instant offense Eastern District of Missouri, same state, same jurisdiction, same territory, and within concurrent jurisdiction

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

April 10, 2020, records dept sentence computation under the authority of T.A. Barnhart refused to correct, recalculate concurrent case 4:03CR00049-ERW for 22 months was imposed 6/5/2007. Case 51-407CR00R-184 ERW. On August 11, 2015, an amended judgment reducing the sentence from 235 200 months, which the (DCSS) changed language of judgment to an overlapping situation throwing a monkey wrench by increasing determining to unilaterally eliminate court determined credit 'concurrent sentence' which means simultaneously. (Overstated sentence is cruel and unusual punishment) May 6, 2020 Mr. Jefferson received an adverse determination at his first level administrative remedy which quoted "any challenge to that sentence has to occur with the sentencing court and not the (B.O.P). June 12, 2020 adm. response case no. 1018773-F USP Florence, exhaustion simply directed no such remedies remain available to him which the (DCSS) office in Texas applied to address this conflict.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

CIVIL RIGHTS COMPLAINT

E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

Mr. Sammy Jefferson relief supported by Judge E. Richard Webber concurrent sentence declaratory judgment 1/17/2008 and amended judgment 8/11/2015 and all provisions in concurrent sentences same Eastern district of Missouri U.S. District courts case 4:07CR00184-ERW-20 and case no. 4:03-cr-0049-ERW, original Sentencing Transcripts Sentencing hearing says what is meant to say. Sentence entered concurrent with prior case, sentence entered is something other than authentic expression of the Judge. Regardless; may be some criticism of no punishment for prior violation of offense. Does not rest on the BOP to add, create manifest additional language such as overlapping to increase Mr Jefferson sentence.

The power to correct such omissions in this way rest upon the jurisdiction of this court 28 U.S.C. 1343, 1331, 1346. purports to constitute a violation of U.S. constitution of Mr. Jefferson "liberty" Fifth Amendment. The court need consider only the attached cited materials in the record. Sentencing Transcripts challenges to exhaustion administrative remedies, 28 U.S.C. 2255 unanswered, April 16, 2020 Fed. R Civ. Pr enforcement of Rule 70 enforcing judgment BOP 229 response diverting Mr. Jefferson to Sentencing court credit for "aggregated sentence, responsibility falls on (FBOP) refusal. Jefferson also alleges jurisdiction under Title 28 U.S.C. sec. 2201 the federal declaratory Judgment Act. Title 28 U.S.C sec 1343

Compensatory damages plus interest $20,000
punitive damages $150,000.
Stigma damages $ 200,000
additional damages $300,000 (+) 10,000 per additional days, accrued interest of above damages past imprisonment above 7 months ic Jury trial demanded.
                          totalling $ 670,000 plus interest

January 15, 2021
_(Date)_                                    _____
                                                    (Signature of Plaintiff)

```
FLPD6            *          PUBLIC INFORMATION        *       06-22-2020
PAGE 001         *            INMATE DATA             *       10:10:14
                             AS OF 06-22-2020

REGNO..: 29076-044 NAME: JEFFERSON, SAMMY L

                     RESP OF: FLP
                     PHONE..: 719-784-9454    FAX: 719-784-5157
                                              RACE/SEX...: BLACK / MALE
                                              AGE:  41
PROJ REL MT: GOOD CONDUCT TIME RELEASE        PAR ELIG DT: N/A
PROJ REL DT: 07-31-2022                       PAR HEAR DT:
```

```
G0002       MORE PAGES TO FOLLOW . . .
```

United States District Court
Eastern District of Missouri

Sammu Jefferson,
                    Plaintiff,

            V.

United States of America,
                    Defendant.

Case No. 4:07-CR-184-ERW

April 16, 2020

The Federal Rules of Civil Procedure Rule 70.
Enforcing a Judgment for a specific Act,
Continues to apply to an Amended Judgment.

This point bears repeating, as Sammy Jefferson can
be easily misunderstood by the Bureau of Prisons to in
fact clarify his sentence amended to 200 months on
November 1, 2015, based on retroactive Amendment 782
pursuant to 18 U.S.C. 3582 (c)(2). It is well-settled that
amended Judgment says what is meant to say.

# I. PURPOSE OF Judgment

Honorable Judge E. Richard Webber primary purpose was making the 200 months Sentence in Case No. 4:07CR-184 run concurrently with the sentence under docket 4:03CR0004 Sentence Sammy Jefferson received since he has been in custody September 1, 2006 and ongoing into may 23, 2007 for the instant offense.

Amended Judgment dated 8/11/2015, Docket 844 Specifically States that all provisions of the judgment dated 1/17/2008 shall remain in effect. Therefore on account of the judgment and the sentence. The only sentence known to the law is the sentence or judgment entered upon the records of the court, nunc pro tunc.

Original Transcript Sentencing hearing, before Honorable Judge E. Richard weeber on 1/17/2008, p. 22, paragraph 3-24. It says what it was meant to say, and this by an irrebuttable presumption. In any collateral, a court will close its ears to a suggestion that the sentence entered in the minutes 1/17/2008 is something other than the authentic expression of the sentence of the judge.

page 2 of 7

## II. Bureau of Prisons Computation

Sammy Jefferson here, like most other similarly situated Prisoners is respectfully requesting that his sentence be recalculated by the Bureau of prisons, (BOP), to include sentencing credit calculated entitlement federal custody since September 1, 2006 through custody on May 23, 20

Calculation should include date detention of 9/1/200. Parallel with concurrent amended sentence and simultaneously with both cases departing in matter of substance from the Judgment. Because it appears that there is no additional punishment for the prior offense..eg., supervised revocation revoked 06/05/2007 that specific sentence Judge weeber made it concurrent the total amount is 200 months. The BOP is adding an additional (7) seven months to Jefferson sentenced increasing the term in effect as of 4/08/2013 to 242 months, when in fact the Court sentenced Jefferson to 235 months on each count to run concurrently and five years supervised release... see DKt #510, further-more the court issued an amended judgment on 8/11/2015 with an effective date of November 1, 2015, reducing his sentence to 200 months on each count and five years supervised release... see DKt 844.

Bureau of prisons does not have power to unilaterally eliminate court determined credit, concurrent sentence, thereby increasing Sammy Jefferson sentence as it shows in the (BOP) Sentence monitoring computation data See EX. 1.

On several other occassions Jefferson has requested for records to give an explanation, but the department has been reluctant to do so, by staggering and wobbling, At stake in this matter are constitutional protections of surpassing importance; which blatantly violates the "5th Amendment" that decrees No person shall be held to answer for an infamous crime unless on a presentment or indictment of a grand jury... nor be deprived of life, liberty, or property without due process of law.

And again, recent copies of Sentence monitoring computation data has been requested 4/10/2020, under Federal Rules of Evidence Rule 1005. copies of public records to prove content of an incorrect official computation of sentence this time from 200 months the Bop has documented an enhanced 207 as an illegal increase of sentence. See EX. 2 unanswered and unresolved response.

Page 4 of 7

## II  Relief:

Sammy Jefferson must be granted the limited relief he seeks supported by judge's concurrent sentence to order the Bureau of prisons to correct it to the end that it may speak the truth until corrected in a direct proceeding as sentencing hearing 1/17/2008 and again amended judgment 8/11/2015 and all provisions. The power of the court to correct such omissions in this way rest upon Maxim Actus Curiae neminem gravat

By: _Sammy Jefferson_

Sammy Jefferson

April 16, 2020

Page 5 of 7

<u>VERIFICATION</u>

Pursuant to 28 U.S.C. §1746, I, _Sammy Jellerson_ declare and verify, under penalty of perjury under the Laws of the State of Colorado and the United States of America, that I have read the foregoing and that it is true and correct to the best of my belief and knowledge.

Dated this _16th_ , day of _April_ , 2020.

By: _Sammy Jellerson_                    Reg No. _29076044_
_Sammy Jellerson_

United States Penitentiary
USP Florence
P.O. Box 7000
Florence, Colorado 81226-7000

Page 6 of 7

CERTIFICATE OF SERVICE

I, Sammy Jefferson , hereby certify that I have caused

to be served to the below named true and correct copies 1

of the foregoing was mailed on April 16, 2020 to

U.S. Court Clerk, 111 South 10th St. St Louis Missouri, 63102

Postage pre-paid first class mail, via United States Postal

Service, deposited in the U.S. Penitentiary Prison Mail Box,

USP Florence, Florence, Colorado.

Motion enforcing a Judgment for a Specific Act
pursuant to Federal Rules of Civil Procedure
Rule 70.

By: _____          Dated: April 16, 2020

Sammy Jefferson

Reg No. 29076044

7019 2280 0000 5304 0492

Page 7 of 7

United States District Court
Eastern District of Missouri

Samma Jefferson,
          Plaintiff,

     V.

United States of America,
          Defendant.

Case No. 4:07-CR-184-ERW

April 16, 2020

The Federal Rules of Civil Procedure Rule 70.
Enforcing a Judgment for a specific Act,
Continues to apply to an Amended Judgment.

This point bears repeating, as Sammy Jefferson can
be easily misunderstood by the Bureau of Prisons to in
fact clarify his sentence amended to 200 months on
November 1, 2015, based on retroactive Amendment 782
pursuant to 18 U.S.C. 3582 (c)(2). It is well-settled that
amended Judgment says what is meant to say.

# I. PURPOSE OF Judgment

Honorable Judge E. Richard Webber primary purpose was making the 200 months Sentence in Case No. 4:07CR-184 run concurrently with the sentence under docket 4:03CR0004 Sentence Sammy Jefferson received since he has been in custody September 1, 2006 and ongoing into may 23, 2007 for the instant offense.

Amended Judgment dated 8/11/2015, Docket 844 Specifically states that all provisions of the judgment dated 1/17/2008 shall remain in effect. Therefore on account of the judgment and the sentence. The only sentence known to the law is the sentence or judgment entered upon the records of the court, nunc pro tunc.

Original Transcript Sentencing hearing, before Honorable Judge E. Richard weeber on 1/17/2008, p. 22, paragraph 3 - 24. It says what it was meant to say, and this by an irrebuttable presumption. In any collateral, a Court will close its ears to a suggestion that the Sentence entered in the minutes 1/17/2008 is something other than the authentic expression of the sentence of the Judge.

Page 2 of 7

# II. Bureau of prisons Computation

Sammy Jefferson here, like most other similarly situated prisoners is respectfully requesting that his sentence be recalculated by the Bureau of prisons, (BOP), to include sentencing credit calculated entitlement federal custody since September 1, 2006 through custody on may 23, 20

Calculation should include date detention of 9/1/200 Parallel with concurrent amended sentence and simultaneously with both cases departing in matte of substance from the Judgment. Because it appears that there is no additional punishment for the prior Offense..eg., supervised revocation revoked 06/05/2007 that specific sentence Judge weeber made it concurrent the total amount is 200 months. The BOP is adding an additional (7) seven months to Jefferson sentenced increasing the term in effect as of 4/08/2013 to 242 months, when in fact the court sentenced Jefferson to 235 months on each count to run concurrently and five years supervised release.... See Dkt #510, futher-more the court issued an amended Judgment on 8/11/2015 with an effective date of November 1, 2015, reducing his sentence to 200 months on each count and five years supervised release... see Dkt 844.

Page 3 of 7

Bureau of prisons does not have power to unilaterally eliminate court determined credit, concurrent sentence, thereby increasing Sammy Jefferson sentence as it shows in the (BOP) Sentence monitoring computation data See EX. 1.

On several other occassions Jefferson has requested for records to give an explanation, but the department has been reluctant to do so, by staggering and wobbling, At stake in this matter are constitutional protections of surpassing importance; which, blatantly violates the "5th Amendment" that decrees NO person shall be held to answer for an infamous crime unless on a presentment or indictment of a grand jury... nor be deprived of life, liberty, or property without due process of law.

And again, recent copies of sentence monitoring computation data has been requested 4/10/2020, under Federal Rules of Evidence Rule 1005. copies of public records to prove content of an incorrect official computation of sentence this time from 200 months the Bop has documented an enhanced 207 as an illegal increase of sentence. See EX, 2 unanswered and unresolved response.

Page 4 of 7

## III Relief:

Sammy Jefferson must be granted the limited relief he seeks Supported by Judge's concurrent sentence to order the Bureau of prisons to correct it to the end that it may speak the truth until corrected in a direct proceeding as Sentencing hearing 1/17/2008 and again amended judgment 8/11/2015 and all provisions. The power of the court to correct such omissions in this way rest upon Maxim Actus Curiae neminem graval

By: _____

Sammy Jefferson

April 16, 2020

<u>VERIFICATION</u>

Pursuant to 28 U.S.C. §1746, I, _Sammy Jellerson_ declare

and verify, under penalty of perjury under the Laws of the State of

Colorado and the United States of America, that I have read the

foregoing and that it is true and correct to the best of my

belief and knowledge.


Dated this _16th_, day of _April_, 2020.



By: _[signature]_          Reg No. _29076044_
_Sammy Jellerson_



United States Penitentiary
USP Florence
P.O. Box 7000
Florence, Colorado 81226-7000




page 6 of 7

CERTIFICATE OF SERVICE

I, Sammy Jellerson , hereby certify that I have caused

to be served to the below named true and correct copies____1____

of the foregoing was mailed on April 16, 2020 ____ to

U.S. Court Clerk, 111 South 10th st. St. Louis Missouri, 63102

Postage pre-paid first class mail, via United States Postal

Service, deposited in the U.S. Penitentiary Prison Mail Box,

USP Florence, Florence, Colorado.

Motion enforcing a Judgment for a Specific Act
pursuant to Federal Rules of Civil Procedure
Rule 70.

By: _Sammy Jellerson_          Dated: April 16, 2020

Reg No. 29076044

7019 2280 0000 5304 0492

Page 7 of 7

RECEIVED

FILED

AO 243 (Rev. 01/15)

MAY – 4 2020

MAY – 4 2020 Page 2

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

BY MAIL

| United States District Court | District  Eastern Missouri |
|---|---|

| Name *(under which you were convicted)*  Sammy Jefferson | 4:20CV615 ERW |
|---|---|
| Place of Confinement:  USP Florence Florence Colorado | 29076044 |
| UNITED STATES OF AMERICA                    v. | Movant *(include name under which convicted)*  Sammy Jefferson |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging;

   U.S. District Court Eastern District of Missouri, Eastern Division
   111 South 10th Street,
   St. Louis, Missouri 63102-9703

   (b) Criminal docket or case number (if you know): 4:03CR00049 ERW

2. (a) Date of the judgment of conviction (if you know): _____

   (b) Date of sentencing: July 11, 2007

3. Length of sentence: 22 months (BOP), concurrent w/ 4:07-CR-00184-ERW

4. Nature of crime (all counts):

   Felon in possession of a Firearm    18 U.S.C. 922(g)

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐    (2) Guilty ☒    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
   what did you plead guilty to and what did you plead not guilty to?  Having been previously

   convicted of felony offenses of illegal possession of Heroin and
   possession of Cocaine Base.

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?    Yes ☐    No ☒

AO 243 (Rev. 01/15)                                                                                          Page 3

9.   If you did appeal, answer the following:

     (a)  Name of court: _____

     (b)  Docket or case number (if you know): _____

     (c)  Result: _____

     (d)  Date of result (if you know): _____

     (e)  Citation to the case (if you know): _____

     (f)  Grounds raised:

     (g)  Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☑

          If "Yes," answer the following:

          (1) Docket or case number (if you know): _____

          (2) Result: _____

          _____

          (3) Date of result (if you know): _____

          (4) Citation to the case (if you know): _____

          (5) Grounds raised:

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

     Yes ☐     No ☐

11.  If your answer to Question 10 was "Yes," give the following information:

     (a)  (1) Name of court: _____

          (2) Docket or case number (if you know): _____

          (3) Date of filing (if you know): _____

          (4)  Nature of the proceeding: _____

          (5)  Grounds raised: _____

          _____

AO 243 (Rev. 01/15)                                                                                     Page 4

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

       Yes ☐       No ☐

(7)  Result: _____

(8)  Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

  (1)  Name of court: _____

  (2)  Docket of case number (if you know): _____

  (3)  Date of filing (if you know): _____

  (4)  Nature of the proceeding: _____

  (5)  Grounds raised:




(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

       Yes ☐       No ☐

(7)  Result: _____

(8)  Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

  (1)  First petition:       Yes ☐       No ☐

  (2)  Second petition:    Yes ☐       No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:




12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

AO 243 (Rev. 01/15)                                                                                            Page 5

## GROUND ONE: _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground One:**

   (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐       No ☐

   (2)  If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

   (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐       No ☐

   (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

   (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐       No ☐

   (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐       No ☐

   (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐       No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND TWO:** _____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):




(b)  **Direct Appeal of Ground Two:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why:


(c)  **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☐

AO 243 (Rev. 01/15)                                                                                                              Page 7

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?
     Yes ☐     No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?
     Yes ☐     No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
     Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:



GROUND THREE: _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

AO 243 (Rev. 01/15)                                                                                    Page 8

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐        No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐        No ☐

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐        No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐        No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐        No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND FOUR: _____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐        No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐        No ☐

    (2)  If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

AO 243 (Rev. 01/15)                                                                                     Page 10

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

    _____

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

    _____

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    _____

14.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☑    No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. United States Court of Appeals (8th Circuit)
Notice of Appeal U.S.D.C. No. 4:07-CR-00184.ERW
Sentence reduction pursuant to First Step Act Section
401 Sentencing Reform prior drug felonies.

AO 243 (Rev. 01/15)                                                                                      Page 11

15. Give the name and address, if known, of each attorney who represented you in the following stages of the
you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea:

(c) At the trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court
and at the same time?          Yes ☐      No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are
challenging?          Yes ☑      No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
U.S. District Court, Eastern District of Missouri, Eastern Division
Case no, 4:03-CR-0049-ERW 22 month concurrent with 200months.

(b) Give the date the other sentence was imposed: January 17, 2008

(c) Give the length of the other sentence: 200 months

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or
sentence to be served in the future?          Yes ☑      No ☐
The Bureau of Prisons alleges the sentenced overlaps, therefore 207 months
total.

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

28 U.S.C. 2255 (h)(2) is consistent and timely with Rehaif
1395.ct. 2191 (2019) The government must prove both that
the defendant knew he possessed a firearm and that he knew
he belonged to the relevant category material elements of
922(g)

AO 243 (Rev. 01/15)

Page 12

Bureau of Prisons does not have power to unilaterally eliminate court determined credit 22 months concurrent sentence, thereby increasing defendants sentence to 207 months, Alleging sentence is overlapping, and disregarding Judgment & conviction i 17108.(eg.). Two or more sentences to be served simultaneously., Concurrent sentence 22 months and 200 months, the total amount of prison time is 200 months.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

  (1)  the date on which the judgment of conviction became final;

  (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

  (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)                                                                    Page 13

Therefore, movant asks that the Court grant the following relief:

correct the concurrent sentence 4:03-CR-0049-ERW per directive order
of amended judgment in case 4:07-cr-00184-ERW-20 total 200 months rather than

or any other relief to which movant may be entitled.

207 as BOP has calculated overlapping sentence or vacate supervised release
in case no. 4:03-CR-0049-ERW.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on _____May  1,  2020_____
                                                                            (month, date, year)

Executed (signed) on _____May  1,  2020_____ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Citing Merriam Webster's Dictionary and Thesaurus 8th Printing Quad. Martinburg, W.V. Made in the United States of America (2019) Revised and updated edition "Definitions"

1. Overlapping - To lap over to have something in common. The condition or relationship of things that overlap.

2. Concurrent - Happening or operating at the same time 2. joint and equal in authority simultaneous occurring or operating at the same time.

(1.)

# Citing Legal Black's Law Dictionary

Tenth Edition Black's Law Dictionary "Definitions".
Bryan A. Garner : Editor In Chief.

1. <u>Concurrent</u> adj (14c) 1. Operating at the same time; covering the same matters <concurrent interest>.
2. Having authority on the same matters <concurrent jurisdiction>.

2. <u>Concurrent sentences</u>. (1905) Two or more sentences of jail time to be served simultaneously. • Example if a convicted criminal receives concurrent sentences of 5 years and 15 years, the total amount of jail time is 15 years.

3. <u>Judgment-nunc pro tunc</u> (17c) A judgment entered on a day after the time when it should have been entered, replacing that entered on the earlier date; specif.., a procedural device by which the record of a judgment is amended to accord with what the judge actually said and did, so that the record will be accurate. • This device is often used to correct defects in real estate titles.— Also termed decree nun pro tunc; nunc pro tunc judgment. see NUNC PRO TUNC.

(2.)

4. <u>nunc pro tunc</u>. [Latin "now for then"] (17c) Having retroactive legal effect through a court's inherent power < the court entered a nunc pro tunc order to correct a clerical error in the record >. An entry that shall have the same legal force and effect as if made at the time when it should have been made. The power of the court to correct such omissions in this way rests upon the Maxim actus curiae neminem gravabit— an act of the court shall prejudice no one." George L. Phillips, An Exposition of the principles of pleading under codes of Civil procedure section 529, at 560 (1896).

5. <u>Overlapping Jurisdiction</u>. See Concurrent Jurisdiction

6. <u>Concurrent Jurisdiction</u>. (17c) 1. Jurisdiction that might be exercised simultaneously by more than one court over the same subject matter and within the same territory.

$$(3)$$

# JOHNSON LAW OFFICES L.L.C.

BRYAN S. JOHNSON
ATTORNEY AT LAW

60 HILL POINTE COURT, SUITE 202
ST. CHARLES, MO 63303
636.916.5529 (JLAW)
FAX 636.916.4956

August 12, 2015

Mr. Sammy L. Jefferson
Register Number 29076-044
USP Beaumont
P.O. Box 26030
Beaumont, TX 77720

**RE:** **Order Regarding Motion for Sentence Reduction**

Dear Mr. Jefferson:

Please see the enclosed Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. §3582(C)(2). Note that the Judge granted our Motion and has reduced your sentence of 235 months to 200 months.

Please contact my office if you have any questions.

Sincerely,

Bryan S. Johnson
Attorney at Law

BSJ/ejt
enc

AO 247 (10/11) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)                    Page 1 of 2 (Page 2 Not for Public Disclosure)

# United States District Court
## for the
## Eastern District of Missouri

United States of America

v.

SAMMY JEFFERSON

Date of Original Judgment:      January 17, 2008
Date of Previous Amended Judgment:
*(Use Date of Last Amended Judgment if Any)*

Case No:    4:07CR00184-020 ERW
USM No:    29076-044

Bryan S. Johnson
Defendant's Attorney

### Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

Upon motion of    ☒ the defendant    ☐ the Director of the Bureau of Prisons    ☐ The court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the motion is:
     ☐ DENIED.    ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ 235 _____ months is reduced to _____ 200 _____

*(Complete Parts I and II of Page 2 when motion is granted)*

200 months to be followed by a term of supervised release of five years. Defendant is not awarded the full reduction because of his institutional violations.

Except as otherwise provided, all provisions of the judgment   January 17, 2008   shall remain in effect.

IT IS SO ORDERED.

Order Date:      August 11, 2015

*E. Richard Weber*
            Judge's signature

Effective Date:      November 1, 2015
       *(if different from order date)*

E. RICHARD WEBBER, SENIOR UNITED STATES DISTRICT JUDGE
          *Printed name and title*

## ·VERIFICATION

Pursuant to 28 U.S.C. §1746, I, _Sammy Jetterson_ declare and verify, under penalty of perjury under the Laws of the State of Colorado and the United States of America, that I have read the foregoing and that it is true and correct to the best of my belief and knowledge.

Dated this _15th_, day of _January_, 2021

" Past (6) months Account attached herein "
Inmate name, USP Florence true statements

By: _Sam Jeff_                Reg No. _29076044_

Samuy Jefferson

United States Penitentiary
USP Florence
P.O. Box 7000
Florence, Colorado 81226-7000

Past 6 months inmate
" TRUST FUND ACCOUNT"

## Inmate Statement

🖨 PRINT

| Inmate Reg #: | 29076044 | Current Institution: | Florence FCC |
|---|---|---|---|
| Inmate Name: | JEFFERSON, SAMMY | Housing Unit: | FLP-D-A |
| Report Date: | 01/14/2021 | Living Quarters: | D04-228L |
| Report Time: | 8:52:48 AM | | |

| Alpha Code | Date/Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | 1/12/2021 2:58:55 PM | 51 | | | Sales | ($0.80) | | $2,106.73 |
| FLX | 1/6/2021 10:28:51 AM | 30 | | | Sales | ($3.05) | | $2,107.53 |
| FLX | 12/29/2020 8:41:46 AM | 37 | | | Sales | ($6.10) | | $2,110.58 |
| FLX | 12/22/2020 5:29:11 PM | TL1222 | | | TRUL Withdrawal | ($5.00) | | $2,116.68 |
| FLX | 12/8/2020 12:54:33 PM | 67 | | | Sales | ($9.50) | | $2,121.68 |
| FLX | 12/6/2020 8:18:42 PM | TL1206 | | | TRUL Withdrawal | ($5.00) | | $2,131.18 |
| FLX | 12/3/2020 6:49:07 AM | WIPP1120 | | | Payroll - IPP | $9.60 | | $2,136.18 |
| FLX | 12/2/2020 9:11:17 AM | 35 | | | Sales | ($10.10) | | $2,126.58 |
| FLX | 12/2/2020 8:02:37 AM | 33320337 | | | Western Union | $49.00 | | $2,136.68 |
| FLX | 11/28/2020 8:02:47 AM | 33320333 | | | Western Union | $49.00 | | $2,087.68 |
| FLX | 11/19/2020 6:52:50 PM | TL1119 | | | TRUL Withdrawal | ($5.00) | | $2,038.68 |
| FLX | 11/15/2020 2:50:13 PM | TL1115 | | | TRUL Withdrawal | ($10.00) | | $2,043.68 |
| FLX | 11/13/2020 2:23:04 PM | TL1113 | | | TRUL Withdrawal | ($5.00) | | $2,053.68 |
| FLX | 10/29/2020 7:06:04 AM | TL1029 | | | TRUL Withdrawal | ($10.00) | | $2,058.68 |
| FLX | 10/23/2020 5:46:54 PM | TL1023 | | | TRUL Withdrawal | ($15.00) | | $2,068.68 |
| FLX | 10/23/2020 6:44:16 AM | TL1023 | | | TRUL Withdrawal | ($5.00) | | $2,083.68 |
| FLX | 10/19/2020 6:00:26 PM | TL1019 | | | TRUL Withdrawal | ($5.00) | | $2,088.68 |
| FLX | 10/15/2020 9:56:41 AM | TL1015 | | | TRUL Withdrawal | ($10.00) | | $2,093.68 |
| FLX | 10/14/2020 8:42:25 AM | 34 | | | Sales | ($21.00) | | $2,103.68 |
| FLX | 10/11/2020 4:47:11 PM | TL1011 | | | TRUL Withdrawal | ($10.00) | | $2,124.68 |
| FLX | 10/8/2020 8:34:32 PM | TL1008 | | | TRUL Withdrawal | ($10.00) | | $2,134.68 |
| FLX | 9/14/2020 7:36:25 PM | TL0914 | | | TRUL Withdrawal | ($10.00) | | $2,144.68 |
| FLX | 9/9/2020 9:12:37 AM | 65 | | | Sales | ($11.55) | | $2,154.68 |
| FLX | 9/7/2020 6:51:21 PM | TL0907 | | | TRUL Withdrawal | ($10.00) | | $2,166.23 |
| FLX | 9/2/2020 6:50:44 PM | TL0902 | | | TRUL Withdrawal | ($5.00) | | $2,176.23 |
| FLX | 9/1/2020 8:08:20 AM | 24 | | | Sales | ($7.00) | | $2,181.23 |
| FLX | 8/25/2020 8:39:20 AM | 36 | | | Sales | ($5.00) | | $2,188.23 |
| FLX | 8/19/2020 5:49:28 PM | TL0819 | | | TRUL Withdrawal | ($10.00) | | $2,193.23 |
| FLX | 8/19/2020 12:01:01 PM | 11 | | | Sales | ($11.00) | | $2,203.23 |
| FLX | 8/6/2020 11:31:07 AM | TL0806 | | | TRUL Withdrawal | ($30.00) | | $2,214.23 |
| FLX | 8/4/2020 9:43:19 AM | 26 | | | Sales | ($8.50) | | $2,244.23 |
| FLX | | TL0731 | | | TRUL Withdrawal | ($15.00) | | $2,252.73 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 7/31/2020 2:46:41 PM | | | | | |
| FLX | 7/27/2020 9:19:52 AM | 1513 | 1572 | Gift | ($250.00) | $2,267.73 |
| FLX | 7/27/2020 9:19:25 AM | 1513-V | | Gift | $250.00 | $2,517.73 |
| FLX | 7/24/2020 6:28:30 AM | 10 | | Sales | $3.90 | $2,267.73 |
| FLX | 7/23/2020 8:27:43 AM | 58 | | Sales | ($3.90) | $2,263.83 |
| FLX | 7/17/2020 8:04:03 AM | | 1513 | Gift | ($250.00) | $2,267.73 |
| FLX | 7/16/2020 8:54:27 AM | 61 | | Sales | ($6.55) | $2,517.73 |
| FLX | 7/9/2020 9:07:57 AM | 52 | | Sales | ($19.40) | $2,524.28 |
| FLX | 6/21/2020 4:47:58 PM | TL0621 | | TRUL Withdrawal | ($5.00) | $2,543.68 |
| FLX | 6/20/2020 8:31:23 AM | TL0620 | | TRUL Withdrawal | ($30.00) | $2,548.68 |
| FLX | 6/14/2020 7:44:17 PM | TL0614 | | TRUL Withdrawal | ($10.00) | $2,578.68 |
| FLX | 6/14/2020 2:32:54 PM | TL0614 | | TRUL Withdrawal | ($5.00) | $2,588.68 |
| FLX | 6/12/2020 9:46:28 AM | TL0612 | | TRUL Withdrawal | ($5.00) | $2,593.68 |
| FLX | 6/6/2020 7:02:50 PM | 33320158 | | Western Union | $100.00 | $2,598.68 |
| FLX | 6/3/2020 9:03:06 AM | 33320155 | | Western Union | $100.00 | $2,498.68 |
| FLX | 5/31/2020 8:58:20 AM | TL0531 | | TRUL Withdrawal | ($10.00) | $2,398.68 |
| FLX | 5/30/2020 6:49:45 AM | TL0530 | | TRUL Withdrawal | ($30.00) | $2,408.68 |
| FLX | 5/28/2020 2:02:47 PM | 33320149 | | Western Union | $200.00 | $2,438.68 |
| FLX | 5/27/2020 1:26:42 PM | 201 | | Sales | ($11.00) | $2,238.68 |

1 2

**Total Transactions: 69**

| | | |
|---|---|---|
| **Totals:** | **($238.30)** | **$0.00** |

### Current Balances

| Alpha Code | Available Balance | Pre-Release Balance | Debt Encumbrance | SPO Encumbrance | Other Encumbrance | Outstanding Instruments | Administrative Holds | Account Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | $1,706.73 | $0.00 | $0.00 | $0.00 | $400.00 | $0.00 | $0.00 | $2,106.73 |
| **Totals:** | **$1,706.73** | **$0.00** | **$0.00** | **$0.00** | **$400.00** | **$0.00** | **$0.00** | **$2,106.73** |

### Other Balances

| National 6 Months Deposits | National 6 Months Withdrawals | National 6 Months Avg Daily Balance | Local Max Balance - Prev 30 Days | Average Balance - Prev 30 Days | Commissary Restriction Start Date | Commissary Restriction End Date |
|---|---|---|---|---|---|---|
| $107.60 | $525.15 | $2,144.88 | $2,121.68 | $2,113.45 | 3/5/2019 | 12/31/2100 |

# Inmate Statement



| Inmate Reg #: | 29076044 | Current Institution: | Florence FCC |
| Inmate Name: | JEFFERSON, SAMMY | Housing Unit: | FLP-D-A |
| Report Date: | 01/14/2021 | Living Quarters: | D04-228L |
| Report Time: | 8:52:54 AM | | |

| Alpha Code | Date/Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | 5/27/2020 1:25:34 PM | 200 | | | Sales | ($18.40) | | $2,249.68 |
| FLX | 5/27/2020 9:02:57 AM | 33320148 | | | Western Union | $50.00 | | $2,268.08 |
| FLX | 5/26/2020 7:00:34 PM | TL0526 | | | TRUL Withdrawal | ($5.00) | | $2,218.08 |
| FLX | 5/23/2020 8:21:07 AM | TL0523 | | | TRUL Withdrawal | ($10.00) | | $2,223.08 |
| FLX | 5/21/2020 7:46:37 PM | TL0521 | | | TRUL Withdrawal | ($15.00) | | $2,233.08 |
| FLX | 5/18/2020 9:58:16 AM | TL0518 | | | TRUL Withdrawal | ($5.00) | | $2,248.08 |
| FLX | 5/15/2020 1:10:46 PM | TL0515 | | | TRUL Withdrawal | ($5.00) | | $2,253.08 |
| FLX | 5/12/2020 1:34:24 PM | 70 | | | Sales | ($5.85) | | $2,258.08 |
| FLX | 5/11/2020 6:10:47 PM | TL0511 | | | TRUL Withdrawal | ($5.00) | | $2,263.93 |
| FLX | 5/5/2020 7:36:14 PM | TL0505 | | | TRUL Withdrawal | ($10.00) | | $2,268.93 |
| FLX | 5/5/2020 11:47:37 AM | 72 | | | Sales | ($12.15) | | $2,278.93 |
| FLX | 5/1/2020 9:34:28 AM | TL0501 | | | TRUL Withdrawal | ($5.00) | | $2,291.08 |
| FLX | 4/27/2020 8:13:17 PM | TL0427 | | | TRUL Withdrawal | ($5.00) | | $2,296.08 |
| FLX | 4/25/2020 7:53:30 PM | TL0425 | | | TRUL Withdrawal | ($5.00) | | $2,301.08 |
| FLX | 4/24/2020 8:57:32 AM | TL0424 | | | TRUL Withdrawal | ($10.00) | | $2,306.08 |
| FLX | 4/22/2020 6:07:46 PM | TL0422 | | | TRUL Withdrawal | ($10.00) | | $2,316.08 |
| FLX | 4/21/2020 12:32:00 PM | 76 | | | Sales | ($8.95) | | $2,326.08 |
| FLX | 4/21/2020 8:12:08 AM | TL0421 | | | TRUL Withdrawal | ($5.00) | | $2,335.03 |
| FLX | 4/16/2020 8:46:36 AM | TL0416 | | | TRUL Withdrawal | ($5.00) | | $2,340.03 |

⊥ 2

**Total Transactions: 69**

| | | Totals: | ($238.30) | $0.00 |
|---|---|---|---|---|

## Current Balances

| Alpha Code | Available Balance | Pre-Release Balance | Debt Encumbrance | SPO Encumbrance | Other Encumbrance | Outstanding Instruments | Administrative Holds | Account Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | $1,706.73 | $0.00 | $0.00 | $0.00 | $400.00 | $0.00 | $0.00 | $2,106.73 |
| **Totals:** | **$1,706.73** | **$0.00** | **$0.00** | **$0.00** | **$400.00** | **$0.00** | **$0.00** | **$2,106.73** |

## Other Balances

| National 6 Months Deposits | National 6 Months Withdrawals | Nationanl 6 Months Avg Daily Balance | Local Max Balance - Prev 30 Days | Average Balance - Prev 30 Days | Commissary Restriction Start Date | Commissary Restriction End Date |
|---|---|---|---|---|---|---|
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |

## Inmate Statement



| Inmate Reg #: | 29076044 | Current Institution: | Florence FCC |
|---|---|---|---|
| Inmate Name: | JEFFERSON, SAMMY | Housing Unit: | FLP-D-A |
| Report Date: | 01/14/2021 | Living Quarters: | D04-228L |
| Report Time: | 8:52:48 AM | | |

| Alpha Code | Date/Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | 1/12/2021 2:58:55 PM | 51 | | | Sales | ($0.80) | | $2,106.73 |
| FLX | 1/6/2021 10:28:51 AM | 30 | | | Sales | ($3.05) | | $2,107.53 |
| FLX | 12/29/2020 8:41:46 AM | 37 | | | Sales | ($6.10) | | $2,110.58 |
| FLX | 12/22/2020 5:29:11 PM | TL1222 | | | TRUL Withdrawal | ($5.00) | | $2,116.68 |
| FLX | 12/8/2020 12:54:33 PM | 67 | | | Sales | ($9.50) | | $2,121.68 |
| FLX | 12/6/2020 8:18:42 PM | TL1206 | | | TRUL Withdrawal | ($5.00) | | $2,131.18 |
| FLX | 12/3/2020 6:49:07 AM | WIPP1120 | | | Payroll - IPP | $9.60 | | $2,136.18 |
| FLX | 12/2/2020 9:11:17 AM | 35 | | | Sales | ($10.10) | | $2,126.58 |
| FLX | 12/2/2020 8:02:37 AM | 33320337 | | | Western Union | $49.00 | | $2,136.68 |
| FLX | 11/28/2020 8:02:47 AM | 33320333 | | | Western Union | $49.00 | | $2,087.68 |
| FLX | 11/19/2020 6:52:50 PM | TL1119 | | | TRUL Withdrawal | ($5.00) | | $2,038.68 |
| FLX | 11/15/2020 2:50:13 PM | TL1115 | | | TRUL Withdrawal | ($10.00) | | $2,043.68 |
| FLX | 11/13/2020 2:23:04 PM | TL1113 | | | TRUL Withdrawal | ($5.00) | | $2,053.68 |
| FLX | 10/29/2020 7:06:04 AM | TL1029 | | | TRUL Withdrawal | ($10.00) | | $2,058.68 |
| FLX | 10/23/2020 5:46:54 PM | TL1023 | | | TRUL Withdrawal | ($15.00) | | $2,068.68 |
| FLX | 10/23/2020 6:44:16 AM | TL1023 | | | TRUL Withdrawal | ($5.00) | | $2,083.68 |
| FLX | 10/19/2020 6:00:26 PM | TL1019 | | | TRUL Withdrawal | ($5.00) | | $2,088.68 |
| FLX | 10/15/2020 9:56:41 AM | TL1015 | | | TRUL Withdrawal | ($10.00) | | $2,093.68 |
| FLX | 10/14/2020 8:42:25 AM | 34 | | | Sales | ($21.00) | | $2,103.68 |
| FLX | 10/11/2020 4:47:11 PM | TL1011 | | | TRUL Withdrawal | ($10.00) | | $2,124.68 |
| FLX | 10/8/2020 8:34:32 PM | TL1008 | | | TRUL Withdrawal | ($10.00) | | $2,134.68 |
| FLX | 9/14/2020 7:36:25 PM | TL0914 | | | TRUL Withdrawal | ($10.00) | | $2,144.68 |
| FLX | 9/9/2020 9:12:37 AM | 65 | | | Sales | ($11.55) | | $2,154.68 |
| FLX | 9/7/2020 6:51:21 PM | TL0907 | | | TRUL Withdrawal | ($10.00) | | $2,166.23 |
| FLX | 9/2/2020 6:50:44 PM | TL0902 | | | TRUL Withdrawal | ($5.00) | | $2,176.23 |
| FLX | 9/1/2020 8:08:20 AM | 24 | | | Sales | ($7.00) | | $2,181.23 |
| FLX | 8/25/2020 8:39:20 AM | 36 | | | Sales | ($5.00) | | $2,188.23 |
| FLX | 8/19/2020 5:49:28 PM | TL0819 | | | TRUL Withdrawal | ($10.00) | | $2,193.23 |
| FLX | 8/19/2020 12:01:01 PM | 11 | | | Sales | ($11.00) | | $2,203.23 |
| FLX | 8/6/2020 11:31:07 AM | TL0806 | | | TRUL Withdrawal | ($30.00) | | $2,214.23 |
| FLX | 8/4/2020 9:43:19 AM | 26 | | | Sales | ($8.50) | | $2,244.23 |
| FLX | | TL0731 | | | TRUL Withdrawal | ($15.00) | | $2,252.73 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 7/31/2020 2:46:41 PM | | | | | |
| FLX | 7/27/2020 9:19:52 AM | 1513 | 1572 | Gift | ($250.00) | $2,267.73 |
| FLX | 7/27/2020 9:19:25 AM | 1513-V | | Gift | $250.00 | $2,517.73 |
| FLX | 7/24/2020 6:28:30 AM | 10 | | Sales | $3.90 | $2,267.73 |
| FLX | 7/23/2020 8:27:43 AM | 58 | | Sales | ($3.90) | $2,263.83 |
| FLX | 7/17/2020 8:04:03 AM | | 1513 | Gift | ($250.00) | $2,267.73 |
| FLX | 7/16/2020 8:54:27 AM | 61 | | Sales | ($6.55) | $2,517.73 |
| FLX | 7/9/2020 9:07:57 AM | 52 | | Sales | ($19.40) | $2,524.28 |
| FLX | 6/21/2020 4:47:58 PM | TL0621 | | TRUL Withdrawal | ($5.00) | $2,543.68 |
| FLX | 6/20/2020 8:31:23 AM | TL0620 | | TRUL Withdrawal | ($30.00) | $2,548.68 |
| FLX | 6/14/2020 7:44:17 PM | TL0614 | | TRUL Withdrawal | ($10.00) | $2,578.68 |
| FLX | 6/14/2020 2:32:54 PM | TL0614 | | TRUL Withdrawal | ($5.00) | $2,588.68 |
| FLX | 6/12/2020 9:46:28 AM | TL0612 | | TRUL Withdrawal | ($5.00) | $2,593.68 |
| FLX | 6/6/2020 7:02:50 PM | 33320158 | | Western Union | $100.00 | $2,598.68 |
| FLX | 6/3/2020 9:03:06 AM | 33320155 | | Western Union | $100.00 | $2,498.68 |
| FLX | 5/31/2020 8:58:20 AM | TL0531 | | TRUL Withdrawal | ($10.00) | $2,398.68 |
| FLX | 5/30/2020 6:49:45 AM | TL0530 | | TRUL Withdrawal | ($30.00) | $2,408.68 |
| FLX | 5/28/2020 2:02:47 PM | 33320149 | | Western Union | $200.00 | $2,438.68 |
| FLX | 5/27/2020 1:26:42 PM | 201 | | Sales | ($11.00) | $2,238.68 |

1 2

**Total Transactions: 69**

| | | |
|---|---|---|
| **Totals:** | ($238.30) | $0.00 |

## Current Balances

| Alpha Code | Available Balance | Pre-Release Balance | Debt Encumbrance | SPO Encumbrance | Other Encumbrance | Outstanding Instruments | Administrative Holds | Account Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | $1,706.73 | $0.00 | $0.00 | $0.00 | $400.00 | $0.00 | $0.00 | $2,106.73 |
| **Totals:** | **$1,706.73** | **$0.00** | **$0.00** | **$0.00** | **$400.00** | **$0.00** | **$0.00** | **$2,106.73** |

## Other Balances

| National 6 Months Deposits | National 6 Months Withdrawals | National 6 Months Avg Daily Balance | Local Max Balance - Prev 30 Days | Average Balance - Prev 30 Days | Commissary Restriction Start Date | Commissary Restriction End Date |
|---|---|---|---|---|---|---|
| $107.60 | $525.15 | $2,144.88 | $2,121.68 | $2,113.45 | 3/5/2019 | 12/31/2100 |

## Inmate Statement

🖨 PRINT

| Inmate Reg #: | 29036044 | Current Institution: | Florence FCC |
| Inmate Name: | JEFFERSON, SAMMY | Housing Unit: | FLP-D-A |
| Report Date: | 01-14-2021 | Living Quarters: | D04-228L |
| Report Time: | 8:52:51 AM | | |

| Alpha Code | Date/Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | 5/27/2020 1:25:34 PM | 200 | | | Sales | ($18.40) | | $2,249.68 |
| FLX | 5/27/2020 9:02:57 AM | 33320148 | | | Western Union | $50.00 | | $2,268.08 |
| FLX | 5/26/2020 7:00:34 PM | TL0526 | | | TRUL Withdrawal | ($5.00) | | $2,218.08 |
| FLX | 5/23/2020 8:21:07 AM | TL0523 | | | TRUL Withdrawal | ($10.00) | | $2,223.08 |
| FLX | 5/21/2020 7:46:37 PM | TL0521 | | | TRUL Withdrawal | ($15.00) | | $2,233.08 |
| FLX | 5/18/2020 9:58:16 AM | TL0518 | | | TRUL Withdrawal | ($5.00) | | $2,248.08 |
| FLX | 5/15/2020 1:10:46 PM | TL0515 | | | TRUL Withdrawal | ($5.00) | | $2,253.08 |
| FLX | 5/12/2020 1:34:24 PM | 70 | | | Sales | ($5.85) | | $2,258.08 |
| FLX | 5/11/2020 6:10:47 PM | TL0511 | | | TRUL Withdrawal | ($5.00) | | $2,263.93 |
| FLX | 5/5/2020 7:36:14 PM | TL0505 | | | TRUL Withdrawal | ($10.00) | | $2,268.93 |
| FLX | 5/5/2020 11:47:37 AM | 72 | | | Sales | ($12.15) | | $2,278.93 |
| FLX | 5/1/2020 9:34:28 AM | TL0501 | | | TRUL Withdrawal | ($5.00) | | $2,291.08 |
| FLX | 4/27/2020 8:13:17 PM | TL0427 | | | TRUL Withdrawal | ($5.00) | | $2,296.08 |
| FLX | 4/25/2020 7:53:30 PM | TL0425 | | | TRUL Withdrawal | ($5.00) | | $2,301.08 |
| FLX | 4/24/2020 8:57:32 AM | TL0424 | | | TRUL Withdrawal | ($10.00) | | $2,306.08 |
| FLX | 4/22/2020 6:07:46 PM | TL0422 | | | TRUL Withdrawal | ($10.00) | | $2,316.08 |
| FLX | 4/21/2020 12:32:00 PM | 76 | | | Sales | ($8.95) | | $2,326.08 |
| FLX | 4/21/2020 8:12:08 AM | TL0421 | | | TRUL Withdrawal | ($5.00) | | $2,335.03 |
| FLX | 4/16/2020 8:46:36 AM | TL0416 | | | TRUL Withdrawal | ($5.00) | | $2,340.03 |

↓2

**Total Transactions: 69**

| | | | Totals: | ($238.30) | $0.00 |

### Current Balances

| Alpha Code | Available Balance | Pre-Release Balance | Debt Encumbrance | SPO Encumbrance | Other Encumbrance | Outstanding Instruments | Administrative Holds | Account Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | $1,706.73 | $0.00 | $0.00 | $0.00 | $400.00 | $0.00 | $0.00 | $2,106.73 |
| Totals: | $1,706.73 | $0.00 | $0.00 | $0.00 | $400.00 | $0.00 | $0.00 | $2,106.73 |

### Other Balances

| National 6 Months Deposits | National 6 Months Withdrawals | National 6 Months Avg Daily Balance | Local Max Balance - Prev 30 Days | Average Balance - Prev 30 Days | Commissary Restriction Start Date | Commissary Restriction End Date |
|---|---|---|---|---|---|---|
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |

## Inmate Statement

🖨 PRINT

| Inmate Reg #: | 29076044 | Current Institution: | Florence FCC |
| Inmate Name: | JEFFERSON, SAMMY | Housing Unit: | FLP-D-A |
| Report Date: | 01-14-2021 | Living Quarters: | D04-228L |
| Report Time: | 3:52:48 AM | | |

| Alpha Code | Date/Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | 1/12/2021 2:58:55 PM | 51 | | | Sales | ($0.80) | | $2,106.73 |
| FLX | 1/6/2021 10:28:51 AM | 39 | | | Sales | ($3.05) | | $2,107.53 |
| FLX | 12/29/2020 8:41:46 AM | 37 | | | Sales | ($6.10) | | $2,110.58 |
| FLX | 12/22/2020 5:29:11 PM | TL1222 | | | TRUL Withdrawal | ($5.00) | | $2,116.68 |
| FLX | 12/8/2020 12:54:33 PM | 67 | | | Sales | ($9.50) | | $2,121.68 |
| FLX | 12/6/2020 8:18:42 PM | TL1206 | | | TRUL Withdrawal | ($5.00) | | $2,131.18 |
| FLX | 12/3/2020 6:49:07 AM | WIPP1120 | | | Payroll - IPP | $9.60 | | $2,136.18 |
| FLX | 12/2/2020 9:11:17 AM | 35 | | | Sales | ($10.10) | | $2,126.58 |
| FLX | 12/2/2020 8:02:37 AM | 33320337 | | | Western Union | $49.00 | | $2,136.68 |
| FLX | 11/28/2020 8:02:47 AM | 33320333 | | | Western Union | $49.00 | | $2,087.68 |
| FLX | 11/19/2020 6:52:50 PM | TL1119 | | | TRUL Withdrawal | ($5.00) | | $2,038.68 |
| FLX | 11/15/2020 2:50:13 PM | TL1115 | | | TRUL Withdrawal | ($10.00) | | $2,043.68 |
| FLX | 11/13/2020 2:23:04 PM | TL1113 | | | TRUL Withdrawal | ($5.00) | | $2,053.68 |
| FLX | 10/29/2020 7:06:04 AM | TL1029 | | | TRUL Withdrawal | ($10.00) | | $2,058.68 |
| FLX | 10/23/2020 5:46:54 PM | TL1023 | | | TRUL Withdrawal | ($15.00) | | $2,068.68 |
| FLX | 10/23/2020 6:44:16 AM | TL1023 | | | TRUL Withdrawal | ($5.00) | | $2,083.68 |
| FLX | 10/19/2020 6:00:26 PM | TL1019 | | | TRUL Withdrawal | ($5.00) | | $2,088.68 |
| FLX | 10/15/2020 9:56:41 AM | TL1015 | | | TRUL Withdrawal | ($10.00) | | $2,093.68 |
| FLX | 10/14/2020 8:42:25 AM | 34 | | | Sales | ($21.00) | | $2,103.68 |
| FLX | 10/11/2020 4:47:11 PM | TL1011 | | | TRUL Withdrawal | ($10.00) | | $2,124.68 |
| FLX | 10/8/2020 8:34:32 PM | TL1008 | | | TRUL Withdrawal | ($10.00) | | $2,134.68 |
| FLX | 9/14/2020 7:36:25 PM | TL0914 | | | TRUL Withdrawal | ($10.00) | | $2,144.68 |
| FLX | 9/9/2020 9:12:37 AM | 65 | | | Sales | ($11.55) | | $2,154.68 |
| FLX | 9/7/2020 6:51:21 PM | TL0907 | | | TRUL Withdrawal | ($10.00) | | $2,166.23 |
| FLX | 9/2/2020 6:50:44 PM | TL0902 | | | TRUL Withdrawal | ($5.00) | | $2,176.23 |
| FLX | 9/1/2020 8:08:20 AM | 24 | | | Sales | ($7.00) | | $2,181.23 |
| FLX | 8/25/2020 8:39:20 AM | 36 | | | Sales | ($5.00) | | $2,188.23 |
| FLX | 8/19/2020 5:49:28 PM | TL0819 | | | TRUL Withdrawal | ($10.00) | | $2,193.23 |
| FLX | 8/19/2020 12:01:01 PM | 11 | | | Sales | ($11.00) | | $2,203.23 |
| FLX | 8/6/2020 11:31:07 AM | TL0806 | | | TRUL Withdrawal | ($30.00) | | $2,214.23 |
| FLX | 8/4/2020 9:43:19 AM | 26 | | | Sales | ($8.50) | | $2,244.23 |
| FLX | | TL0731 | | | TRUL Withdrawal | ($15.00) | | $2,252.73 |

| | 7/31/2020 2:46:41 PM | | | | | |
|---|---|---|---|---|---|---|
| FLX | 7/27/2020 9:19:52 AM | 1513 | 1572 | Gift | ($250.00) | $2,267.73 |
| FLX | 7/27/2020 9:19:25 AM | 1513-V | | Gift | $250.00 | $2,517.73 |
| FLX | 7/24/2020 6:28:30 AM | 10 | | Sales | $3.90 | $2,267.73 |
| FLX | 7/23/2020 8:27:43 AM | 58 | | Sales | ($3.90) | $2,263.83 |
| FLX | 7/17/2020 8:04:03 AM | | 1513 | Gift | ($250.00) | $2,267.73 |
| FLX | 7/16/2020 8:54:27 AM | 61 | | Sales | ($6.55) | $2,517.73 |
| FLX | 7/9/2020 9:07:57 AM | 52 | | Sales | ($19.40) | $2,524.28 |
| FLX | 6/21/2020 4:47:58 PM | TL0621 | | TRUL Withdrawal | ($5.00) | $2,543.68 |
| FLX | 6/20/2020 8:31:23 AM | TL0620 | | TRUL Withdrawal | ($30.00) | $2,548.68 |
| FLX | 6/14/2020 7:44:17 PM | TL0614 | | TRUL Withdrawal | ($10.00) | $2,578.68 |
| FLX | 6/14/2020 2:32:54 PM | TL0614 | | TRUL Withdrawal | ($5.00) | $2,588.68 |
| FLX | 6/12/2020 9:46:28 AM | TL0612 | | TRUL Withdrawal | ($5.00) | $2,593.68 |
| FLX | 6/6/2020 7:02:50 PM | 33320158 | | Western Union | $100.00 | $2,598.68 |
| FLX | 6/3/2020 9:03:06 AM | 33320155 | | Western Union | $100.00 | $2,498.68 |
| FLX | 5/31/2020 8:58:20 AM | TL0531 | | TRUL Withdrawal | ($10.00) | $2,398.68 |
| FLX | 5/30/2020 6:49:45 PM | TL0530 | | TRUL Withdrawal | ($30.00) | $2,408.68 |
| FLX | 5/28/2020 2:02:47 PM | 33320149 | | Western Union | $200.00 | $2,438.68 |
| FLX | 5/27/2020 1:26:42 PM | 201 | | Sales | ($11.00) | $2,238.68 |

1 2

**Total Transactions: 69**

| | | Totals: | ($238.30) | $0.00 |
|---|---|---|---|---|

## Current Balances

| Alpha Code | Available Balance | Pre-Release Balance | Debt Encumbrance | SPO Encumbrance | Other Encumbrance | Outstanding Instruments | Administrative Holds | Account Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | $1,706.73 | $0.00 | $0.00 | $0.00 | $400.00 | $0.00 | $0.00 | $2,106.73 |
| Totals: | $1,706.73 | $0.00 | $0.00 | $0.00 | $400.00 | $0.00 | $0.00 | $2,106.73 |

## Other Balances

| National 6 Months Deposits | National 6 Months Withdrawals | National 6 Months Avg Daily Balance | Local Max Balance - Prev 30 Days | Average Balance - Prev 30 Days | Commissary Restriction Start Date | Commissary Restriction End Date |
|---|---|---|---|---|---|---|
| $107.60 | $525.15 | $2,144.88 | $2,121.68 | $2,113.45 | 3/5/2019 | 12/31/2100 |

## Inmate Statement

 PRINT

| Inmate Reg #: | 29076944 | Current Institution: | Florence FCC |
| Inmate Name: | JEFFERSON, SAMMY | Housing Unit: | FLP-D-A |
| Report Date: | 01/14/2021 | Living Quarters: | D04-228L |
| Report Time: | 8:52:54 AM | | |

| Alpha Code | Date/Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | 5/27/2020 1:25:34 PM | 200 | | | Sales | ($18.40) | | $2,249.68 |
| FLX | 5/27/2020 9:02:57 AM | 33320148 | | | Western Union | $50.00 | | $2,268.08 |
| FLX | 5/26/2020 7:00:34 PM | TL0526 | | | TRUL Withdrawal | ($5.00) | | $2,218.08 |
| FLX | 5/23/2020 8:21:07 AM | TL0523 | | | TRUL Withdrawal | ($10.00) | | $2,223.08 |
| FLX | 5/21/2020 7:46:37 PM | TL0521 | | | TRUL Withdrawal | ($15.00) | | $2,233.08 |
| FLX | 5/18/2020 9:58:16 AM | TL0518 | | | TRUL Withdrawal | ($5.00) | | $2,248.08 |
| FLX | 5/15/2020 1:10:46 PM | TL0515 | | | TRUL Withdrawal | ($5.00) | | $2,253.08 |
| FLX | 5/12/2020 1:34:24 PM | 70 | | | Sales | ($5.85) | | $2,258.08 |
| FLX | 5/11/2020 6:10:47 PM | TL0511 | | | TRUL Withdrawal | ($5.00) | | $2,263.93 |
| FLX | 5/5/2020 7:36:14 PM | TL0505 | | | TRUL Withdrawal | ($10.00) | | $2,268.93 |
| FLX | 5/5/2020 11:47:37 AM | 72 | | | Sales | ($12.15) | | $2,278.93 |
| FLX | 5/1/2020 9:34:28 AM | TL0501 | | | TRUL Withdrawal | ($5.00) | | $2,291.08 |
| FLX | 4/27/2020 8:13:17 PM | TL0427 | | | TRUL Withdrawal | ($5.00) | | $2,296.08 |
| FLX | 4/25/2020 7:53:30 PM | TL0425 | | | TRUL Withdrawal | ($5.00) | | $2,301.08 |
| FLX | 4/24/2020 8:57:32 AM | TL0424 | | | TRUL Withdrawal | ($10.00) | | $2,306.08 |
| FLX | 4/22/2020 6:07:46 PM | TL0422 | | | TRUL Withdrawal | ($10.00) | | $2,316.08 |
| FLX | 4/21/2020 12:32:00 PM | 76 | | | Sales | ($8.95) | | $2,326.08 |
| FLX | 4/21/2020 8:12:08 AM | TL0421 | | | TRUL Withdrawal | ($5.00) | | $2,335.03 |
| FLX | 4/16/2020 8:46:36 AM | TL0416 | | | TRUL Withdrawal | ($5.00) | | $2,340.03 |

↓ 2

Total Transactions: 69

|  |  | Totals: | ($238.30) | $0.00 |

### Current Balances

| Alpha Code | Available Balance | Pre-Release Balance | Debt Encumbrance | SPO Encumbrance | Other Encumbrance | Outstanding Instruments | Administrative Holds | Account Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | $1,706.73 | $0.00 | $0.00 | $0.00 | $400.00 | $0.00 | $0.00 | $2,106.73 |
| Totals: | $1,706.73 | $0.00 | $0.00 | $0.00 | $400.00 | $0.00 | $0.00 | $2,106.73 |

### Other Balances

| National 6 Months Deposits | National 6 Months Withdrawals | National 6 Months Avg Daily Balance | Local Max Balance - Prev 30 Days | Average Balance - Prev 30 Days | Commissary Restriction Start Date | Commissary Restriction End Date |
|---|---|---|---|---|---|---|
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |

## Inmate Statement

🖨 PRINT

| Inmate Reg #: | 29076044 | | Current Institution: | Florence FCC |
|---|---|---|---|---|
| Inmate Name: | JEFFERSON, SAMMY | | Housing Unit: | FLP-D-A |
| Report Date: | 01/14/2021 | | Living Quarters: | D04-228L |
| Report Time: | 3:52:48 AM | | | |

| Alpha Code | Date/Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | 1/12/2021 2:58:55 PM | 51 | | | Sales | ($0.80) | | $2,106.73 |
| FLX | 1/6/2021 10:28:51 AM | 30 | | | Sales | ($3.05) | | $2,107.53 |
| FLX | 12/29/2020 8:41:46 AM | 37 | | | Sales | ($6.10) | | $2,110.58 |
| FLX | 12/22/2020 5:29:11 PM | TL1222 | | | TRUL Withdrawal | ($5.00) | | $2,116.68 |
| FLX | 12/8/2020 12:54:33 PM | 67 | | | Sales | ($9.50) | | $2,121.68 |
| FLX | 12/6/2020 8:18:42 PM | TL1206 | | | TRUL Withdrawal | ($5.00) | | $2,131.18 |
| FLX | 12/3/2020 6:49:07 AM | WIPP1120 | | | Payroll - IPP | $9.60 | | $2,136.18 |
| FLX | 12/2/2020 9:11:17 AM | 35 | | | Sales | ($10.10) | | $2,126.58 |
| FLX | 12/2/2020 8:02:37 AM | 33320337 | | | Western Union | $49.00 | | $2,136.68 |
| FLX | 11/28/2020 8:02:47 AM | 33320333 | | | Western Union | $49.00 | | $2,087.68 |
| FLX | 11/19/2020 6:52:50 PM | TL1119 | | | TRUL Withdrawal | ($5.00) | | $2,038.68 |
| FLX | 11/15/2020 2:50:13 PM | TL1115 | | | TRUL Withdrawal | ($10.00) | | $2,043.68 |
| FLX | 11/13/2020 2:23:04 PM | TL1113 | | | TRUL Withdrawal | ($5.00) | | $2,053.68 |
| FLX | 10/29/2020 7:06:04 AM | TL1029 | | | TRUL Withdrawal | ($10.00) | | $2,058.68 |
| FLX | 10/23/2020 5:46:54 PM | TL1023 | | | TRUL Withdrawal | ($15.00) | | $2,068.68 |
| FLX | 10/23/2020 6:44:16 AM | TL1023 | | | TRUL Withdrawal | ($5.00) | | $2,083.68 |
| FLX | 10/19/2020 6:00:26 PM | TL1019 | | | TRUL Withdrawal | ($5.00) | | $2,088.68 |
| FLX | 10/15/2020 9:56:41 AM | TL1015 | | | TRUL Withdrawal | ($10.00) | | $2,093.68 |
| FLX | 10/14/2020 8:42:25 AM | 34 | | | Sales | ($21.00) | | $2,103.68 |
| FLX | 10/11/2020 4:47:11 PM | TL1011 | | | TRUL Withdrawal | ($10.00) | | $2,124.68 |
| FLX | 10/8/2020 8:34:32 PM | TL1008 | | | TRUL Withdrawal | ($10.00) | | $2,134.68 |
| FLX | 9/14/2020 7:36:25 PM | TL0914 | | | TRUL Withdrawal | ($10.00) | | $2,144.68 |
| FLX | 9/9/2020 9:12:37 AM | 65 | | | Sales | ($11.55) | | $2,154.68 |
| FLX | 9/7/2020 6:51:21 PM | TL0907 | | | TRUL Withdrawal | ($10.00) | | $2,166.23 |
| FLX | 9/2/2020 6:50:44 PM | TL0902 | | | TRUL Withdrawal | ($5.00) | | $2,176.23 |
| FLX | 9/1/2020 8:08:20 AM | 24 | | | Sales | ($7.00) | | $2,181.23 |
| FLX | 8/25/2020 8:39:20 AM | 36 | | | Sales | ($5.00) | | $2,188.23 |
| FLX | 8/19/2020 5:49:28 PM | TL0819 | | | TRUL Withdrawal | ($10.00) | | $2,193.23 |
| FLX | 8/19/2020 12:01:01 PM | 11 | | | Sales | ($11.00) | | $2,203.23 |
| FLX | 8/6/2020 11:31:07 AM | TL0806 | | | TRUL Withdrawal | ($30.00) | | $2,214.23 |
| FLX | 8/4/2020 9:43:19 AM | 26 | | | Sales | ($8.50) | | $2,244.23 |
| FLX | | TL0731 | | | TRUL Withdrawal | ($15.00) | | $2,252.73 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 7/31/2020 2:46:41 PM | | | | | |
| FLX | 7/27/2020 9:19:52 AM | 1513 | 1572 | Gift | ($250.00) | $2,267.73 |
| FLX | 7/27/2020 9:19:25 AM | 1513-V | | Gift | $250.00 | $2,517.73 |
| FLX | 7/24/2020 6:28:30 AM | 10 | | Sales | $3.90 | $2,267.73 |
| FLX | 7/23/2020 8:27:43 AM | 58 | | Sales | ($3.90) | $2,263.83 |
| FLX | 7/17/2020 8:04:03 AM | | 1513 | Gift | ($250.00) | $2,267.73 |
| FLX | 7/16/2020 8:54:27 AM | 61 | | Sales | ($6.55) | $2,517.73 |
| FLX | 7/9/2020 9:07:57 AM | 52 | | Sales | ($19.40) | $2,524.28 |
| FLX | 6/21/2020 4:47:58 PM | TL0621 | | TRUL Withdrawal | ($5.00) | $2,543.68 |
| FLX | 6/20/2020 8:31:23 AM | TL0620 | | TRUL Withdrawal | ($30.00) | $2,548.68 |
| FLX | 6/14/2020 7:44:17 PM | TL0614 | | TRUL Withdrawal | ($10.00) | $2,578.68 |
| FLX | 6/14/2020 2:32:54 PM | TL0614 | | TRUL Withdrawal | ($5.00) | $2,588.68 |
| FLX | 6/12/2020 9:46:28 AM | TL0612 | | TRUL Withdrawal | ($5.00) | $2,593.68 |
| FLX | 6/6/2020 7:02:50 PM | 33320158 | | Western Union | $100.00 | $2,598.68 |
| FLX | 6/3/2020 9:03:06 AM | 33320155 | | Western Union | $100.00 | $2,498.68 |
| FLX | 5/31/2020 8:58:20 AM | TL0531 | | TRUL Withdrawal | ($10.00) | $2,398.68 |
| FLX | 5/30/2020 6:49:45 PM | TL0530 | | TRUL Withdrawal | ($30.00) | $2,408.68 |
| FLX | 5/28/2020 2:02:47 PM | 33320149 | | Western Union | $200.00 | $2,438.68 |
| FLX | 5/27/2020 1:26:42 PM | 201 | | Sales | ($11.00) | $2,238.68 |

1 2

**Total Transactions: 69**

| | | |
|---|---|---|
| | **Totals:** ($238.30) | $0.00 |

## Current Balances

| Alpha Code | Available Balance | Pre-Release Balance | Debt Encumbrance | SPO Encumbrance | Other Encumbrance | Outstanding Instruments | Administrative Holds | Account Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | $1,706.73 | $0.00 | $0.00 | $0.00 | $400.00 | $0.00 | $0.00 | $2,106.73 |
| **Totals:** | $1,706.73 | $0.00 | $0.00 | $0.00 | $400.00 | $0.00 | $0.00 | $2,106.73 |

## Other Balances

| National 6 Months Deposits | National 6 Months Withdrawals | Natioanl 6 Months Avg Daily Balance | Local Max Balance - Prev 30 Days | Average Balance - Prev 30 Days | Commissary Restriction Start Date | Commissary Restriction End Date |
|---|---|---|---|---|---|---|
| $107.60 | $525.15 | $2,144.88 | $2,121.68 | $2,113.45 | 3/5/2019 | 12/31/2100 |

## Inmate Statement

[PRINT]

| Inmate Reg #: | 29076044 | Current Institution: | Florence FCC |
| Inmate Name: | JEFFERSON, SAMMY | Housing Unit: | FLP-D-A |
| Report Date: | 01-14-2021 | Living Quarters: | D04-228L |
| Report Time: | 8:52:54 AM | | |

| Alpha Code | Date/Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | 5/27/2020 1:25:34 PM | 200 | | | Sales | ($18.40) | | $2,249.68 |
| FLX | 5/27/2020 9:02:57 AM | 33320148 | | | Western Union | $50.00 | | $2,268.08 |
| FLX | 5/26/2020 7:00:34 PM | TL0526 | | | TRUL Withdrawal | ($5.00) | | $2,218.08 |
| FLX | 5/23/2020 8:21:07 AM | TL0523 | | | TRUL Withdrawal | ($10.00) | | $2,223.08 |
| FLX | 5/21/2020 7:46:37 PM | TL0521 | | | TRUL Withdrawal | ($15.00) | | $2,233.08 |
| FLX | 5/18/2020 9:58:16 AM | TL0518 | | | TRUL Withdrawal | ($5.00) | | $2,248.08 |
| FLX | 5/15/2020 1:10:46 PM | TL0515 | | | TRUL Withdrawal | ($5.00) | | $2,253.08 |
| FLX | 5/12/2020 1:34:24 PM | 70 | | | Sales | ($5.85) | | $2,258.08 |
| FLX | 5/11/2020 6:10:47 PM | TL0511 | | | TRUL Withdrawal | ($5.00) | | $2,263.93 |
| FLX | 5/5/2020 7:36:14 PM | TL0505 | | | TRUL Withdrawal | ($10.00) | | $2,268.93 |
| FLX | 5/5/2020 11:47:37 AM | 72 | | | Sales | ($12.15) | | $2,278.93 |
| FLX | 5/1/2020 9:34:28 AM | TL0501 | | | TRUL Withdrawal | ($5.00) | | $2,291.08 |
| FLX | 4/27/2020 8:13:17 PM | TL0427 | | | TRUL Withdrawal | ($5.00) | | $2,296.08 |
| FLX | 4/25/2020 7:53:30 PM | TL0425 | | | TRUL Withdrawal | ($5.00) | | $2,301.08 |
| FLX | 4/24/2020 8:57:32 AM | TL0424 | | | TRUL Withdrawal | ($10.00) | | $2,306.08 |
| FLX | 4/22/2020 6:07:46 PM | TL0422 | | | TRUL Withdrawal | ($10.00) | | $2,316.08 |
| FLX | 4/21/2020 12:32:00 PM | 76 | | | Sales | ($8.95) | | $2,326.08 |
| FLX | 4/21/2020 8:12:08 AM | TL0421 | | | TRUL Withdrawal | ($5.00) | | $2,335.03 |
| FLX | 4/16/2020 8:46:36 AM | TL0416 | | | TRUL Withdrawal | ($5.00) | | $2,340.03 |

↓ 2

Total Transactions: 69

|  |  | Totals: | ($238.30) | $0.00 |

### Current Balances

| Alpha Code | Available Balance | Pre-Release Balance | Debt Encumbrance | SPO Encumbrance | Other Encumbrance | Outstanding Instruments | Administrative Holds | Account Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | $1,706.73 | $0.00 | $0.00 | $0.00 | $400.00 | $0.00 | $0.00 | $2,106.73 |
| Totals: | $1,706.73 | $0.00 | $0.00 | $0.00 | $400.00 | $0.00 | $0.00 | $2,106.73 |

### Other Balances

| National 6 Months Deposits | National 6 Months Withdrawals | National 6 Months Avg Daily Balance | Local Max Balance - Prev 30 Days | Average Balance - Prev 30 Days | Commissary Restriction Start Date | Commissary Restriction End Date |
|---|---|---|---|---|---|---|
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |

## Inmate Statement

🖨 PRINT

| | | | | | |
|---|---|---|---|---|---|
| Inmate Reg #: | 29076044 | | | Current Institution: | Florence FCI |
| Inmate Name: | JEFFERSON, SAMMY | | | Housing Unit: | FLP-D-A |
| Report Date: | 01/14/2021 | | | Living Quarters: | D04-228L |
| Report Time: | 8:52:48 AM | | | | |

| Alpha Code | Date/Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | 1/12/2021 2:58:55 PM | 51 | | | Sales | ($0.80) | | $2,106.73 |
| FLX | 1/6/2021 10:28:51 AM | 30 | | | Sales | ($3.05) | | $2,107.53 |
| FLX | 12/29/2020 8:41:46 AM | 37 | | | Sales | ($6.10) | | $2,110.58 |
| FLX | 12/22/2020 5:29:41 PM | TL1222 | | | TRUL Withdrawal | ($5.00) | | $2,116.68 |
| FLX | 12/8/2020 12:54:33 PM | 67 | | | Sales | ($9.50) | | $2,121.68 |
| FLX | 12/6/2020 8:18:42 PM | TL1206 | | | TRUL Withdrawal | ($5.00) | | $2,131.18 |
| FLX | 12/3/2020 6:49:07 AM | WIPP1120 | | | Payroll - IPP | $9.60 | | $2,136.18 |
| FLX | 12/2/2020 9:11:17 AM | 35 | | | Sales | ($10.10) | | $2,126.58 |
| FLX | 12/2/2020 8:02:37 AM | 33320337 | | | Western Union | $49.00 | | $2,136.68 |
| FLX | 11/28/2020 8:02:47 AM | 33320333 | | | Western Union | $49.00 | | $2,087.68 |
| FLX | 11/19/2020 6:52:50 PM | TL1119 | | | TRUL Withdrawal | ($5.00) | | $2,038.68 |
| FLX | 11/15/2020 2:50:13 PM | TL1115 | | | TRUL Withdrawal | ($10.00) | | $2,043.68 |
| FLX | 11/13/2020 2:23:04 PM | TL1113 | | | TRUL Withdrawal | ($5.00) | | $2,053.68 |
| FLX | 10/29/2020 7:06:04 AM | TL1029 | | | TRUL Withdrawal | ($10.00) | | $2,058.68 |
| FLX | 10/23/2020 5:46:54 PM | TL1023 | | | TRUL Withdrawal | ($15.00) | | $2,068.68 |
| FLX | 10/23/2020 6:44:16 AM | TL1023 | | | TRUL Withdrawal | ($5.00) | | $2,083.68 |
| FLX | 10/19/2020 6:00:26 PM | TL1019 | | | TRUL Withdrawal | ($5.00) | | $2,088.68 |
| FLX | 10/15/2020 9:56:41 AM | TL1015 | | | TRUL Withdrawal | ($10.00) | | $2,093.68 |
| FLX | 10/14/2020 8:42:25 AM | 34 | | | Sales | ($21.00) | | $2,103.68 |
| FLX | 10/11/2020 4:47:11 PM | TL1011 | | | TRUL Withdrawal | ($10.00) | | $2,124.68 |
| FLX | 10/8/2020 8:34:32 PM | TL1008 | | | TRUL Withdrawal | ($10.00) | | $2,134.68 |
| FLX | 9/14/2020 7:36:25 PM | TL0914 | | | TRUL Withdrawal | ($10.00) | | $2,144.68 |
| FLX | 9/9/2020 9:12:37 AM | 65 | | | Sales | ($11.55) | | $2,154.68 |
| FLX | 9/7/2020 6:51:21 PM | TL0907 | | | TRUL Withdrawal | ($10.00) | | $2,166.23 |
| FLX | 9/2/2020 6:50:44 PM | TL0902 | | | TRUL Withdrawal | ($5.00) | | $2,176.23 |
| FLX | 9/1/2020 8:08:20 AM | 24 | | | Sales | ($7.00) | | $2,181.23 |
| FLX | 8/25/2020 8:39:20 AM | 36 | | | Sales | ($5.00) | | $2,188.23 |
| FLX | 8/19/2020 5:49:28 PM | TL0819 | | | TRUL Withdrawal | ($10.00) | | $2,193.23 |
| FLX | 8/19/2020 12:01:01 PM | 11 | | | Sales | ($11.00) | | $2,203.23 |
| FLX | 8/6/2020 11:31:07 AM | TL0806 | | | TRUL Withdrawal | ($30.00) | | $2,214.23 |
| FLX | 8/4/2020 9:43:19 AM | 26 | | | Sales | ($8.50) | | $2,244.23 |
| FLX | | TL0731 | | | TRUL Withdrawal | ($15.00) | | $2,252.73 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 7/31/2020 2:46:41 PM | | | | | |
| FLX | 7/27/2020 9:19:52 AM | 1513 | 1572 | Gift | ($250.00) | $2,267.73 |
| FLX | 7/27/2020 9:19:25 AM | 1513-V | | Gift | $250.00 | $2,517.73 |
| FLX | 7/24/2020 6:28:30 AM | 10 | | Sales | $3.90 | $2,267.73 |
| FLX | 7/23/2020 8:27:43 AM | 58 | | Sales | ($3.90) | $2,263.83 |
| FLX | 7/17/2020 8:04:03 AM | | 1513 | Gift | ($250.00) | $2,267.73 |
| FLX | 7/16/2020 8:54:27 AM | 61 | | Sales | ($6.55) | $2,517.73 |
| FLX | 7/9/2020 9:07:57 AM | 52 | | Sales | ($19.40) | $2,524.28 |
| FLX | 6/21/2020 4:47:58 PM | TL0621 | | TRUL Withdrawal | ($5.00) | $2,543.68 |
| FLX | 6/20/2020 8:31:23 AM | TL0620 | | TRUL Withdrawal | ($30.00) | $2,548.68 |
| FLX | 6/14/2020 7:44:17 PM | TL0614 | | TRUL Withdrawal | ($10.00) | $2,578.68 |
| FLX | 6/14/2020 2:32:54 PM | TL0614 | | TRUL Withdrawal | ($5.00) | $2,588.68 |
| FLX | 6/12/2020 9:46:28 AM | TL0612 | | TRUL Withdrawal | ($5.00) | $2,593.68 |
| FLX | 6/6/2020 7:02:50 PM | 33320158 | | Western Union | $100.00 | $2,598.68 |
| FLX | 6/3/2020 9:03:06 AM | 33320155 | | Western Union | $100.00 | $2,498.68 |
| FLX | 5/31/2020 8:58:20 AM | TL0531 | | TRUL Withdrawal | ($10.00) | $2,398.68 |
| FLX | 5/30/2020 6:49:45 AM | TL0530 | | TRUL Withdrawal | ($30.00) | $2,408.68 |
| FLX | 5/28/2020 2:02:47 PM | 33320149 | | Western Union | $200.00 | $2,438.68 |
| FLX | 5/27/2020 1:26:42 PM | 201 | | Sales | ($11.00) | $2,238.68 |

1 2

**Total Transactions: 69**

|  | | | | | Totals: | ($238.30) | $0.00 |

## Current Balances

| Alpha Code | Available Balance | Pre-Release Balance | Debt Encumbrance | SPO Encumbrance | Other Encumbrance | Outstanding Instruments | Administrative Holds | Account Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | $1,706.73 | $0.00 | $0.00 | $0.00 | $400.00 | $0.00 | $0.00 | $2,106.73 |
| Totals: | $1,706.73 | $0.00 | $0.00 | $0.00 | $400.00 | $0.00 | $0.00 | $2,106.73 |

## Other Balances

| National 6 Months Deposits | National 6 Months Withdrawals | National 6 Months Avg Daily Balance | Local Max Balance - Prev 30 Days | Average Balance - Prev 30 Days | Commissary Restriction Start Date | Commissary Restriction End Date |
|---|---|---|---|---|---|---|
| $107.60 | $525.15 | $2,144.88 | $2,121.68 | $2,113.45 | 3/5/2019 | 12/31/2100 |

# Inmate Statement


PRINT

| Inmate Reg #: | 290769044 | Current Institution: | Florence FCC |
| Inmate Name: | JEFFERSON, SAMMY | Housing Unit: | FLP-D-A |
| Report Date: | 01/14/2021 | Living Quarters: | D04-228L |
| Report Time: | 8:52:51 AM | | |

| Alpha Code | Date/Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | 5/27/2020 1:25:34 PM | 200 | | | Sales | ($18.40) | | $2,249.68 |
| FLX | 5/27/2020 9:02:57 AM | 33320148 | | | Western Union | $50.00 | | $2,268.08 |
| FLX | 5/26/2020 7:00:34 PM | TL0526 | | | TRUL Withdrawal | ($5.00) | | $2,218.08 |
| FLX | 5/23/2020 8:21:07 AM | TL0523 | | | TRUL Withdrawal | ($10.00) | | $2,223.08 |
| FLX | 5/21/2020 7:46:37 PM | TL0521 | | | TRUL Withdrawal | ($15.00) | | $2,233.08 |
| FLX | 5/18/2020 9:58:16 AM | TL0518 | | | TRUL Withdrawal | ($5.00) | | $2,248.08 |
| FLX | 5/15/2020 1:10:46 PM | TL0515 | | | TRUL Withdrawal | ($5.00) | | $2,253.08 |
| FLX | 5/12/2020 1:34:24 PM | 70 | | | Sales | ($5.85) | | $2,258.08 |
| FLX | 5/11/2020 6:10:47 PM | TL0511 | | | TRUL Withdrawal | ($5.00) | | $2,263.93 |
| FLX | 5/5/2020 7:36:14 PM | TL0505 | | | TRUL Withdrawal | ($10.00) | | $2,268.93 |
| FLX | 5/5/2020 11:47:37 AM | 72 | | | Sales | ($12.15) | | $2,278.93 |
| FLX | 5/1/2020 9:34:28 AM | TL0501 | | | TRUL Withdrawal | ($5.00) | | $2,291.08 |
| FLX | 4/27/2020 8:13:17 PM | TL0427 | | | TRUL Withdrawal | ($5.00) | | $2,296.08 |
| FLX | 4/25/2020 7:53:30 PM | TL0425 | | | TRUL Withdrawal | ($5.00) | | $2,301.08 |
| FLX | 4/24/2020 8:57:32 AM | TL0424 | | | TRUL Withdrawal | ($10.00) | | $2,306.08 |
| FLX | 4/22/2020 6:07:46 PM | TL0422 | | | TRUL Withdrawal | ($10.00) | | $2,316.08 |
| FLX | 4/21/2020 12:32:00 PM | 76 | | | Sales | ($8.95) | | $2,326.08 |
| FLX | 4/21/2020 8:12:08 AM | TL0421 | | | TRUL Withdrawal | ($5.00) | | $2,335.03 |
| FLX | 4/16/2020 8:46:36 AM | TL0416 | | | TRUL Withdrawal | ($5.00) | | $2,340.03 |

↓2

Total Transactions: 69

| | | | | | | Totals: | ($238.30) | $0.00 |

### Current Balances

| Alpha Code | Available Balance | Pre-Release Balance | Debt Encumbrance | SPO Encumbrance | Other Encumbrance | Outstanding Instruments | Administrative Holds | Account Balance |
|---|---|---|---|---|---|---|---|---|
| FLX | $1,706.73 | $0.00 | $0.00 | $0.00 | $400.00 | $0.00 | $0.00 | $2,106.73 |
| Totals: | $1,706.73 | $0.00 | $0.00 | $0.00 | $400.00 | $0.00 | $0.00 | $2,106.73 |

### Other Balances

| National 6 Months Deposits | National 6 Months Withdrawals | National 6 Months Avg Daily Balance | Local Max Balance - Prev 30 Days | Average Balance - Prev 30 Days | Commissary Restriction Start Date | Commissary Restriction End Date |
|---|---|---|---|---|---|---|
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | |

Sammy Jefferson, reg no. 29076044
P.O. Box 7000
USP Florence
US penitentiary
Florence Colorado  81226-7000

U.S. District court
Central District of California
312 North Spring street Room G-8
Los Angeles, California 90012

January 15th, 2021
Re: Records kept by the clerk
Fed. R. Civ. P. 79

Clerk )

I have attached as requested per your courts original and two copies, including an additional copy totalling (3) copies + 1 original for purposes of processing and proof of service and showing execution court stamp, time, and date receive and Case no. as placed in the courts docket in your court filing

By: Sammy Jefferson          1/15/2021

Page 1 of 1

7020 0640 0000 0339 1513

Sammy Jefferson, 29076044
P.O. Box 7000
USP Florence,
U.S. Penitentiary
Florence, Colorado 81226-7000

U.S. District Court
Central District of California
312 North Spring Street. Room G-8
Los Angeles, California 90012

January 15th 2021

Clerk(s):

Re: Declaration To
Proceed without
Prepayment of
filing fees

Please take "notice" that I am a prisoner
who is in the custody of the Attorney General for
the past 10'n years, I have no potential income
(Cash, credit cards) and/or any property to afford the pre payment filing
fees or any expenses, because of my indigence present and past decade
poorness.

I assert that if you have any additional court approved forms
for pro. se applicants you kindly, responsibly mail to the above
prisoner's name and address for processing.

By: _____
Sammy Jefferson

January 15, 2021

VERIFICATION

Pursuant to 28 U.S.C. §1746, I, Jammy Jefferson declare

and verify, under penalty of perjury under the Laws of the State of

Colorado and the United States of America, that I have read the

foregoing and that it is true and correct to the best of my

belief and knowledge.

Dated this 15th, day of January, 2021

By: Sammy Jefferson                    Reg No. 29076044

United States Penitentiary
USP Florence
P.O. Box 7000
Florence, Colorado 81226-7000

Haines v. Kerner, 404 U.S. 519 92 S. Ct. (1972) prose pleadings are to be
liberally construe.

Soto v. Sweetman, 882 F.3d 865 (9th Cir 2018) prose inmates are however
expressly exempted from this rule. from strict compliances with the
summary judgment rules.

Declaration to proceed            Page 2 of 3
without prepayment of
filing fees

## CERTIFICATE OF SERVICE

I, _Sammy Jefferson_ , hereby certify that I have caused

to be served to the below named true and correct copies_____

of the foregoing was mailed on ___1 | 15 | 2021___ to

U.S. District Court, Clerks Office, Central District of California.

312 North Spring Street, Room 6-8 Los Angeles, California 90012

Postage pre-paid first class mail, via United States Postal

Service, deposited in the U.S. Penitentiary Prison Mail Box,

USP Florence, Florence, Colorado.

Declaration attachment

By: _Sammy Jefferson_                    Dated: _January 15th 2021_

Notably; Mr Jefferson contends
If affidavit is necessary
Please send copies to
proceed In forma pauperis

Declaration to proceed                Page 3 of 3
without prepayment of
filing fees

# Supporting Facts

(1.) Original Transcripts
Sentencing Hearing
    1/17/08
    Judge E. Richard Webber.

(2) Exhaustion of Grievance
    Procedures

(3) Sentence Reduction
    from 235 months to 200 months

(4.) 2255 filed

(5.) Definitions to Concurrent Sentence
    (A) Blacks Law
    (B) Websters Dictionary

(6) Bop erroneous Release date
    Public Information
    Inmate Data

(7) Enforcement of Judgment filed    4/16/2020

# ORIGINAL TRANSCRIPT

*08-1238*
*( 3421999)*

Sentencing Hearing
1/17/08
Judge E. Richard Webber.

[543]

## PRINTED
## FROM
## CM/ECF
## DOCKET ENTRIES
pertaining to
case file

4:07-cr-00184-ERW-20

USA v. Stiles et al

08·1238

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

( 342 / 999 )

UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     )
                                   )
        v.                         )  No. 4:07-CR-184-ERW
                                   )
SAMMY JEFFERSON,                   )
                                   )
                    Defendant.     )


### SENTENCING HEARING


## BEFORE THE HONORABLE E. RICHARD WEBBER
## UNITED STATES DISTRICT JUDGE


### JANUARY 17, 2008




**APPEARANCES:**

For Plaintiff:          Dean R. Hoag, AUSA
                        **OFFICE OF U.S. ATTORNEY**
                        111 South Tenth Street, 20th Floor
                        St. Louis, MO  63102

For Defendant:          Bryan S. Johnson, Esq.
                        **JOHNSON LAW OFFICES, L.L.C.**
                        201 N. Kingshighway
                        St. Charles, MO  63301


*REPORTED BY:*          *Gayle D. Madden, CSR, RDR, CRR*
                        *Official Court Reporter*
                        *United States District Court*
                        *111 South Tenth Street, Third Floor*
                        *St. Louis, MO  63102*
                        *(314) 244-7987*

Case 2:21-cv-01001-PA-AS    Document 1    Filed 01/29/21    Page 64 of 98    Page ID
#:64
Filed: 03/03/2008  Case: 4-07-cr-00184-ERW  Doc #: 543.0  USA v. Jefferson

2

1          (Proceedings started at 9:05 a.m.)

2          (The following proceedings were held in open court and

3    with the Defendant present.)

4              THE COURT:  Morning.  The case is United States of

5    America versus Sammy Jefferson, S1-4:07-CR-00184-ERW.

6              Is the Government ready, Mr. Hoag?

7              MR. HOAG:  We are, Your Honor.

8              THE COURT:  Is Defendant ready, Mr. Johnson?

9              MR. JOHNSON:  Yes, sir, Your Honor.

10             THE COURT:  Very well.  There are a number of

11   objections to the Presentence Report, and I'll consider those

12   first.

13             MR. JOHNSON:  Thank you, Your Honor.  Your Honor, we

14   made several objections to the Presentence Report, some of

15   which have been changed in the Presentence Report, the final

16   copy having been amended.

17             THE COURT:  All right.  Very well.

18             MR. JOHNSON:  So I would move the Court to

19   respectfully deem as moot our objections to paragraphs 28 --

20             THE COURT:  What are the -- on the numbered pages

21   that I have, which would that be?  Would that be the first

22   one?

23             MR. JOHNSON:  Okay, Your Honor.  Yes, Your Honor.  In

24   the Defendant's objections to the Presentence Report, that

25   would be page 1, paragraph 1.

3

1          THE COURT:  Okay.  It's moot.  Okay.

2          MR. JOHNSON:  Number two, Your Honor, page 4,

3   paragraph 30.

4          THE COURT:  Yes.

5          MR. HOAG:  Could we specifically say which ones those

6   are because I don't have what you have in front of me?

7          MR. JOHNSON:  Sure, sure.

8          THE COURT:  Okay.  Sure.

9          MR. HOAG:  Paragraphs 28 and 30 are the first two?

10         THE COURT:  The first one is page 4, paragraph 28,

11  Defendant objects to the characterization that he personally

12  received cocaine from Codefendant Issachard Lopez,

13  additionally, that Defendant personally received large

14  quantities of cocaine from a source of supply operating out of

15  Mexico.  That one is declared moot.

16         MR. HOAG:  Yeah.  Next one?

17         THE COURT:  And the second one is page 4, paragraph

18  30.  So rather than me reading that, do you have the --

19         MR. HOAG:  I've got it.

20         THE COURT:  All right.  Very well.  That one is also

21  moot, Mr. Johnson?

22         MR. JOHNSON:  Yes, Your Honor.

23         THE COURT:  All right.

24         MR. JOHNSON:  As amended in the final copy of the

25  Presentence Report.

4

```
 1          THE COURT:  All right.  Next one is page 5, paragraph

 2   34.

 3          MR. JOHNSON:  Yes, Your Honor.  That portion has also

 4   been amended as reflected in the final copy of the Presentence

 5   Report.

 6          THE COURT:  Very well.  Next is page 6, paragraph 41.

 7          MR. JOHNSON:  Your Honor, that objection still

 8   remains.

 9          THE COURT:  Okay.

10          MR. HOAG:  Which one is that?  Paragraph 41?

11          THE COURT:  It's Defendant objects that he possessed

12   a firearm in connection with the above-noted offense.

13          MR. HOAG:  Well, my answer to that, Judge, is he

14   stipulated to it in the Plea Agreement.  I don't know how he

15   can object to it.

16          THE COURT:  Okay.  Well, let's go through it and

17   decide which ones are still to be argued, and then we'll come

18   back to it.

19          MR. JOHNSON:  There's page 8, paragraph 60 still

20   remains as an objection, too, Your Honor --

21          THE COURT:  Okay.  All right.

22          MR. JOHNSON:  -- regarding his conviction for illegal

23   possession of cocaine base and illegal possession of

24   marijuana.

25          THE COURT:  All right.
```

Filed: 03/03/2008  Case: 4-07-cr-00184-ERW  Doc #: 543.0  USA v. Jefferson

5

1        MR. JOHNSON:  The next paragraph, Your Honor, page 9,

2    paragraph 69, the Defendant remains objecting to the fact that

3    he was convicted of general peace disturbance in the City of

4    St. Louis.

5        THE COURT:  All right.

6        MR. JOHNSON:  The next paragraph, an objection still

7    remains for assaulting a person.

8        THE COURT:  All right.

9        MR. JOHNSON:  The next paragraph, page 10, paragraph

10    82, Your Honor, those objections, I guess, are related to the

11    fact that if one or any of the above objections to the

12    criminal convictions -- if they are to be sustained by the

13    Court, then it will subsequently change the criminal history

14    score and subsequently change the criminal history category,

15    so those objections are all in relation -- page 10, paragraph

16    82; page 11, paragraph 85.

17        Page 11 is the next objection; the Defendant also

18    objects that he's currently wanted by the St. Louis Police

19    Department.

20        THE COURT:  All right.

21        MR. JOHNSON:  The Defendant objects to page 11,

22    paragraph 89, as indicated in paragraph 11, indicating he's a

23    member of a street gang.

24        THE COURT:  All right.

25        MR. JOHNSON:  Your Honor, page 13, paragraph 105, has

6

1   been amended as indicated in the final copy of the Presentence

2   Report, so we deem that objection moot at this time.

3          THE COURT:  All right.

4          MR. JOHNSON:  And those are all our objections to the

5   Presentence Report, Your Honor.

6          THE COURT:  All right.  So the first one we'll be

7   addressing will be paragraph 41; Defendant objects that he

8   possessed a firearm in connection with the above-noted

9   offense.

10          MR. JOHNSON:  I'll also indicate, Your Honor, for the

11   record, that prior to me filing formal objections, the

12   Defendant objected informally to the Court to each of the

13   above-noted paragraphs that we've already discussed, and so

14   his objections are encompassed within the objections that are

15   before this Court currently.

16          THE COURT:  All right.  Very well.

17          MR. JOHNSON:  With the addition of the fact that I

18   objected to the particular sections of the criminal history

19   category and score correlations.

20          THE COURT:  All right.  Okay.  Mr. Hoag, you began to

21   speak to that first objection, and that was --

22          MR. HOAG:  Paragraph 41?

23          THE COURT:  Correct.

24          MR. HOAG:  As I indicated, in the Plea Agreement and

25   stipulation, he stipulated to that, Your Honor.  I don't know

Filed: 03/03/2008  Case: 4-07-cr-00184-ERW  Doc #: 543.0  USA v. Jefferson

7

1  how he can make an objection when he stipulated and signed the

2  stipulation and pled in open court.

3          THE COURT:  All right.  Let me see a copy of the Plea

4  Agreement.  Can you pull up a copy for me, Mr. Douglas?

5          That will take a little while, so let's go on to the

6  next one.  Paragraph 60.

7          MR. HOAG:  Those are the prior convictions?

8          THE COURT:  Yes.

9          MR. HOAG:  I have been provided by Ms. Lasswell with

10  certified copies of all the convictions that were objected to,

11  including the wanted which was also objected to.

12          THE COURT:  All right.

13          I'm unfamiliar with this form.  In the material you

14  just handed me, which one addresses the paragraph 60?  Is that

15  the first one on the list?

16          MR. HOAG:  You want to show him?

17          THE COURT:  Good morning.

18     (The Court and the Probation Officer conferred.)

19          THE COURT:  Ms. Lasswell has supplied me with some

20  documents, certified copies.  The first is a certified copy of

21  a record showing that -- it refers to Sammy Jefferson, date of

22  birth, September 10, 1978, listing a Social Security number.

23  The last four digits are 2268.  The charge on Count I is

24  illegal possession of cocaine base.  Date of the offense was

25  July 11th, '96.  The court found Mr. Jefferson guilty on

8

1    April 21st, 1997.  Count II was illegal possession of

2    marijuana under 35 grams.  He was found guilty of the Class A

3    misdemeanor on April 21st, 1997.  I'll produce -- produce that

4    for Mr. Johnson's review where the yellow Post-it appears.

5            MR. JOHNSON:  Thank you, Your Honor.

6            THE COURT:  The next conviction relates to paragraph

7    69, general peace disturbance.  It is a certified record, a

8    certified record showing that the name of the person is Sammy

9    Jefferson.  The last four digits of the Social Security number

10   are 2268.  The charge is listed as general peace disturbance.

11   Disposition was guilty, and the sentence was 40 days in jail.

12           Would you show that to Mr. Johnson, please?

13           MR. JOHNSON:  Thank you, Your Honor.

14           THE COURT:  Thank you.  The next charge relates to

15   assaulting a person.  The record shows the name of the person

16   is Sammy Jefferson.  The last four digits of his Social

17   Security number are 2268.  Found guilty on December 11th,

18   2003.  Sentenced to serve five days in jail.

19           Mr. Douglas, would you produce that to Mr. Johnson,

20   please?

21           The final document produced relating to the warrant

22   lists the name of Mr. Sammy Jefferson.  The last four digits

23   of the Social Security number are 2268.  Subject verbally

24   admitted membership in the 14 Peabody Bloods, according to the

25   St. Louis County or St. Louis City Gang Unit, admitted that he

Filed: 03/03/2008  Case: 4-07-cr-00184-ERW  Doc #: 543.0  USA v Jefferson

9

1    is a high-level member of that gang.

2              And, Ms. Lasswell, is this also the document relating

3    to the outstanding warrant?

4              PROBATION OFFICER:  Yes, it is, Your Honor.

5              THE COURT:  All right.  Thank you.

6              MR. JOHNSON:  Your Honor, in regards to this last

7    objection, I guess I would just note for the record that this

8    wanted check, I believe, was ran in October, October 12th of

9    2007.

10             THE COURT:  I believe that's right.

11             MR. JOHNSON:  Okay.  And --

12             PROBATION OFFICER:  Your Honor --

13             THE COURT:  Yes.

14             PROBATION OFFICER:  I called this morning and called

15   the St. Louis City Fugitive to verify that he was still wanted

16   on these charges, and they verified that he is, so they are

17   still active.

18             MR. JOHNSON:  Very well.  Your Honor, I just would

19   like that offer of proof made that those were as of today.

20             THE COURT:  Your response, Mr. Johnson?

21             MR. JOHNSON:  None, Your Honor, in terms of

22   presentation of the information by the probation officer.  My

23   client has viewed them, and his objections to those

24   convictions still remain; however, I concede by a

25   preponderance of what's been presented today that those

10

1   objections at this point may be moot.  I'm not sure if

2   Mr. Jefferson --

3          THE COURT:  All right.  All right.  The Court will

4   make the following findings, that proof has been offered

5   that -- as to paragraph 60, so that objection will be

6   overruled.  Paragraph 69, that objection will be overruled.

7   Paragraph 72, overruled.

8          I now want to go back to paragraph 41 and take a look

9   at the Plea Agreement which I now have.  Just a moment.

10  Where?  Can you alert me to the place?

11         MR. HOAG:  It would be -- it would be in the --

12         THE COURT:  Statement of facts?

13         MR. HOAG:  No.  Criminal history computation, Your

14  Honor.

15         THE COURT:  All right.  Would you -- Mr. Douglas,

16  would you produce that to Mr. Hoag?  I'm having trouble

17  locating the spot.

18         MR. HOAG:  If you'll look at the bottom of page 6 and

19  the top of page 7, Your Honor.

20         THE COURT:  All right.  All right.  Specifically, the

21  offense conduct on page 6 states as follows:  Chapter 2

22  specific offense characteristics.  The parties recommend that

23  the following specific offense characteristics apply.  Two

24  levels should be added pursuant to 2D1.1(b)(1) because a

25  dangerous weapon, a firearm, was possessed during the

Case 2:21-cv-01001-PA-AS    Document 1    Filed 01/29/21    Page 73 of 98    Page ID
Filed: 03/03/2008  Case: 4-07-cr-00184-ERW  Doc #: 543.0  USA v. Jefferson
#:73

11

1   conspiracy.  So it does appear that that is contained within

2   the stipulation signed by Mr. Jefferson.  Just a moment.  Yes,

3   it does.

4           Would you produce this to Mr. Johnson for me, please?

5           All right.  Thanks.  As to paragraph 105, that would

6   not affect the Court's determination of offense level or

7   criminal history category and have no bearing on the Court's

8   conclusions regarding sentencing.  Having said that, do you

9   care to offer any proof on paragraph 105, Mr. Hoag?

10          MR. HOAG:  105?

11          THE COURT:  That has to do with prior employment.

12          MR. HOAG:  No, I do not.

13          THE COURT:  All right.  I believe that will cover the

14  objections, am I correct?

15          MR. JOHNSON:  Yes, Your Honor.

16          THE COURT:  Okay.  Very well.  The Court adopts as

17  true the factual statements contained in the Presentence

18  Report as the Court's findings of fact, and I shall now turn

19  to making calculations under the United States Sentencing

20  Guidelines.

21          First, let me say I recognize that the United States

22  Sentencing Guidelines are advisory and not mandatory since

23  January 12th, 2005, when the United States Supreme Court

24  decided that they were in part unconstitutional; however,

25  judges are still required to make calculations under the

Filed: 03/03/2008  Case: 4-07-cr-00184-ERW  Doc #: 543.0  US v. Jefferson

12

1    Guidelines and arrive at a sentencing range and to consider

2    that range along with other factors.

3         Those factors include the impact of the parties' Plea

4    Agreement on any sentencing issues.  I'll hear evidence that

5    either party cares to present and have already considered

6    evidence this morning.  I'll hear statements of respective

7    counsel and of Mr. Jefferson if he cares to make a statement.

8    I'll decide whether to impose a Guideline sentence after

9    deciding whether a departure or departures should be made

10   under the Guidelines.

11        Finally, I'll look at all the factors under 18 United

12   States Code § 3553(a) to decide whether to impose a Guideline

13   sentence or a non-Guideline sentence.  Those factors would

14   include the nature and circumstances of the offense and

15   history and characteristics of the defendant, the need for the

16   sentence imposed to reflect the seriousness of the offense, to

17   promote respect for the law, and to provide just punishment

18   for the offense, to afford adequate deterrence to criminal

19   conduct, to protect the public from further crimes of the

20   defendant, to provide the defendant with needed educational or

21   vocational training, medical care, or other correctional

22   treatment in the most effective manner, the kinds of sentences

23   available, the need to avoid sentencing disparity among

24   similarly situated defendants facing similarly situated

25   offenses and any other matter that comes before the Court that

Case 2:21-cv-01001-PA-AS    Document 1    Filed 01/29/21    Page 75 of 98    Page ID
#:75
Filed: 03/03/2008  Case: 4-07-cr-00184-EHW  Doc #: 543.0  USA v. Jefferson

13

1    would be relevant to sentencing issues.

2        In this case, the 2007 Guideline manual was used.

3        Oh, Ron, I have a note for you.    Thanks.

4        The 2000 edition of the manual was used.    Counts I

5    and IV are grouped together for Guideline calculation purposes

6    under 3D1.2(b).    The base offense level for violation of 21

7    United States Code § 841(a)(1) and 846 is found in 2D1.1(b) --

8    strike that -- 2D1.1(c)(3) of the manual.    The base offense

9    level for at least 15 kilograms but less than 50 kilograms of

10   cocaine is 34.    The Defendant possessed a firearm.    Two levels

11   are added under 2D1.1(b)(1).    Three levels are reduced for

12   Mr. Jefferson's full and timely acceptance of responsibility

13   under 3E1.1 (a) and (b).    The total offense level is 33.    His

14   criminal history category is VI; am I correct about that?

15        MR. HOAG:    VI.

16        THE COURT:    And the sentencing range is from 235

17   months to 293 months.    At this time -- at this time,

18   Mr. Jefferson, do you have any lawful cause or reason to

19   assign to the Court or, spoken another way, do you know of any

20   reason why I should not proceed to sentence you at this time?

21        THE DEFENDANT:    No, sir, Your Honor.

22        THE COURT:    Okay.    I'll hear first from Mr. Hoag and

23   then from Mr. Johnson and finally from you if you care to make

24   a statement.

25        MR. HOAG:    The Government requests that the Court

14

1   sentence him to a Guideline range, Your Honor.

2          THE COURT:  All right.  Mr. Johnson.

3          MR. JOHNSON:  Thank you, Your Honor.  On behalf of

4   Mr. Jefferson, first, I'd start by saying, Your Honor, I'd

5   like the Court to take note that a sentencing memorandum was

6   filed in this matter.

7          THE COURT:  Yes.  I read it.  I do have your

8   memorandum.

9          MR. JOHNSON:  Okay.  And in that memorandum, Your

10  Honor, we list some of the personal characteristics about

11  Mr. Jefferson which we believe are worth noting for the Court

12  prior to imposing a sentence.

13         THE COURT:  I do have that, and I also have some very

14  well-written letters that have been submitted on behalf of

15  Mr. Jefferson, which I have read with a lot of interest.

16         MR. JOHNSON:  Thank you, Your Honor, and in regards

17  to those letters, I'd just like it noted for the record that

18  there were, in total, 12 letters supplied to the Court in this

19  matter by Arianda Jones, a family friend; April King, a family

20  friend; the Defendant's, Mr. Jefferson's pastor and mentor,

21  Pastor Ray McGard; the Defendant's paramour, Shamika Brown;

22  the Defendant's stepdaughter, Nokia Page; the Defendant's

23  family friend, Barbara Tull; another family friend, Barbara

24  Eddings; the mothers of the Defendant's children, Natalie

25  Johnson and Amanda Conner; Kimberly Watson; a family friend,

15

1   Bobby Ingram; and a family friend, Loretta Graham, and I think

2   that's all the letters that were submitted to the Court, and

3   we'd ask that the Court take note that those letters were

4   submitted on Mr. Jefferson's behalf.

5         Your Honor --

6         THE COURT:  Do you have copies of those?

7         MR. JOHNSON:  Yes, I do, Your Honor.

8         THE COURT:  Could I see them, please?  You mentioned

9   a name or two that I don't remember seeing on my list, and I

10  want to make sure I look at all of the letters because they're

11  all very well-written and very complimentary and they do point

12  out some very important character traits of Mr. Jefferson.

13        MR. JOHNSON:  That should be all of them, Your Honor.

14        THE COURT:  All right.

15        Yes, here's one I have not seen.

16        Okay.  Sorry for the interruption.

17        MR. JOHNSON:  Thank you, Your Honor.  I appreciate

18  you taking the time to look at each one of those letters

19  individually.  Your Honor, I think the letters state something

20  that I think is indicative in a way that I can't articulate.

21  I can't remember during my time as an officer with this court

22  or in private practice that I have ever attended or

23  participated in a sentencing in which the entire gallery was

24  full for a sentencing, Your Honor.  I've been to trial

25  settings and watched, you know, motions and what have you that

Filed: 03/03/2008   Case 4:07-cr-00434-ERW   Doc #: 548.0   USA v. Jefferson

16

1    are highly contested that I've seen galleries full but never

2    to a sentencing as you see today, and I think that's evident

3    of Mr. Jefferson's character.  He is a lot of things to a lot

4    of people, and I think that's evident as you look out into the

5    pews today, Your Honor, and I think that that's worth noting.

6           Mr. Jefferson is a father.  He is a son.  He is a

7    loving brother.  He is a colleague, and I believe that those

8    letters articulate or shed some light on the effect that he's

9    had on other individuals during his life.  What's also noted

10   in some of the letters, Your Honor, is that Mr. Jefferson

11   works with kids, that he's in the Boys' -- he's active in the

12   Boys' Club here in the greater St. Louis area and that he has

13   tried to do in his life good.

14          While there are things that are indicated in the

15   Presentence Report and that this Court very well knows from

16   his prior conduct that may lead people to believe or infer

17   otherwise from him, I think that it is worth noting, Your

18   Honor, that while I have seen many individuals situated with a

19   criminal history category score as high as Mr. Jefferson, I

20   can't say I've seen any of those individuals in court with as

21   many family, friends, and members of the community who are

22   standing in support of him, and I just think that that's worth

23   noting, Your Honor, in terms of allocution.

24          I'd ask the Court to take judicial notice of the

25   sentencing memorandum filed.

Case 2:21-cv-01001-PA-AS    Document 1    Filed 01/29/21    Page 79 of 98    Page ID
#:79
Filed: 03/03/2008  Case: 4-07-cr-00124-ERW  Doc #: 543.0  USA v. Jefferson

17

1        Your Honor, we'd request that should Mr. Jefferson be

2   placed in the Bureau of Prisons, that he be placed in a

3   location as close as possible to the St. Louis area, that he

4   be screened for any residential drug treatment programs that

5   may be applicable to him or for him, and that he be allowed to

6   get additional vocational educational skills.

7        It's my understanding from Mr. Jefferson that during

8   a previous term he had already acquired his GED; however, Your

9   Honor, I don't see any downfall in requesting that

10  Mr. Jefferson, if he be deemed able, be able to apply for and

11  receive any other vocational training that the BOP might have,

12  and he's requested that I ask that the Court do so.

13       Your Honor, you -- this Court stands in a very

14  similarly -- in a very unique situation in that you've

15  previously sentenced Mr. Jefferson for another matter, and so

16  I think that you have an idea or a grasp of his background,

17  where he's from, and what his life has been involved with.

18  What I can say, Your Honor, to that effect is that through all

19  of my contact and conduct with Mr. Jefferson, he has been

20  remorseful for the things which he has done, the betrayal that

21  his conduct has caused with the family, the fact that he is

22  before this Court again today for another very serious

23  offense, and that he is remorseful for that.

24       Mr. Jefferson is prepared to make a statement to the

25  Court to that effect.  I'd ask that the Court allow him to do

Filed: 03/03/2008  Case: 4-07-cr-00184-ERW  Doc #: 543.0  USA v. Jefferson

18

1   so and consider it for its allocution purposes as well and

2   that the Court, in its wisdom, sentence Mr. Jefferson to as

3   low a range as possible, taking into account all of the

4   factors set forth in United States Code 18 § 3553.

5         Thank you, Your Honor.

6         THE COURT:  All right.  Before I hear from you,

7   Mr. Jefferson, I'd like to comment on a few things that are so

8   apparent to me.  I believed when I saw you before and I

9   continue to believe that you should be in business school.

10  You should be a CEO of a company instead of where you are with

11  your skills, your intelligence.  All of the things that

12  Mr. Johnson said about you are correct in terms of your

13  character skills, and I do note with considerable interest the

14  issues that you had as a young person.  I note that you had a

15  brother who was murdered.

16        I note that, in unusual fashion, you have supported

17  your children, which I don't see that a lot.  I frequently see

18  cases where a person has children, and I note underneath each

19  time if there's a child support arrearage, and generally,

20  there are always arrearages, and you have none, which I credit

21  to you.

22        You have skills for employment, and I say all these

23  things because I'm going to be sentencing you in a few minutes

24  to a very long prison sentence, and it just seems like an

25  incredible waste of humanity that that has to happen.  I

Filed: 03/03/2008  Case: 4-07-cr-00184-ERW  Doc #: 543.0  USA v. Jefferson

19

1   regret that it has to happen.  I always look in these cases

2   for some hope for -- mostly for the people who are here with

3   you because, as Mr. Johnson pointed out, I don't ever remember

4   seeing this many people in support of anyone.  Usually, I look

5   out and I don't see anyone here, and today, there aren't any

6   empty seats.  That really quite remarkable.

7         It tells me a lot about you as a person, and the

8   letters are very well-written.  They ask for mercy, and under

9   the sentencing regimen in federal court, people frequently

10  leave here thinking that judges are unmerciful because they

11  really aren't given a lot of choices in sentencing in many

12  cases, and that's the case here.  So I hope the people who

13  leave here do not look upon the Court as being without mercy.

14  It's just the nature of the charge, the nature of the prior

15  history, and all of those factors indicate what has to be the

16  sentence.

17        Having said those things, I'd like to hear anything

18  you want to say.

19        THE DEFENDANT:  First, Your Honor, I'd like to

20  apologize to my family and the courts for my actions in the

21  streets, you know, my kids, my fiancée, my mother.  I made

22  some wrong decisions in life.  I started getting in trouble at

23  an early age.  You know, I knew better.  You know, I tried to

24  find the easy way out.  This wasn't the easy way out for me.

25  It only hurt me.  It's hurting my family.

20

1        THE COURT:  Take your time.  Take your time.  Don't

2    hurry.  Take whatever time you need because there are a lot of

3    people who are crying right along with you.

4        THE DEFENDANT:  Your Honor, I ask that the Court have

5    mercy on my sentence today and allow me another chance in

6    society, you know, to be a better and productive father, son,

7    husband, and friend.  You know, I got myself in this

8    situation.  I take full responsibility for it.  You know, I'm

9    not going to bring nobody else into my situation or point the

10   finger at nobody because Sammy Jefferson chose this life.  I

11   just ask that the courts have mercy on me.

12       THE COURT:  Okay.  Well, one of the first things I'm

13   going to do is to insist of you that during this time of your

14   life where you're going to be prevented from being with your

15   family and friends that you take advantage of every college

16   class, technical class, every other kind of educational class

17   that's available.  Because of your intelligence, it would be a

18   further waste of time for everybody if you failed to do that,

19   so I'm going to impose that as a condition of your

20   incarceration.

21       Because this is a case involving a very large

22   conspiracy, a very large amount of drugs, at least 15

23   kilograms, which would convert into something over 40 pounds

24   of cocaine, there are certain limitations that I have

25   regarding sentencing.

Filed: 03/03/2008  Case: 4-07-cr-00184-ERW  Doc #: 543.0  USA v. Jefferson

21

1          Would you get the book?  My copy that I have with me

2    doesn't have the recommendation on the back.  Ms. Lasswell

3    will have one.

4          Thank you.

5          In light of the advisory range and the provisions of

6    18 United States Code § 3553(a), based on the serious nature

7    of the instant offense involving a conspiracy to distribute

8    and possess with the intent to distribute cocaine and

9    marijuana in which the Defendant is accountable for more than

10   15 kilograms but less than 50 kilograms of cocaine and in

11   consideration of his criminal history and the fact that he was

12   serving a term of supervised release for the federal

13   conviction for felon in possession of a firearm at the time of

14   the instant offense, the Court has considered all of the

15   factors of 18 United States Code.  I've taken into account the

16   circumstances of the offense.  It is a very serious offense

17   involving a great amount of cocaine.  I've considered all of

18   the characteristics of Mr. Jefferson.  I have these letters,

19   and I hope you get a chance, if you have it, to see them.

20   They are remarkable for you.  I have to impose a sentence that

21   reflects the seriousness of the offense -- it is a serious

22   offense -- to promote respect for the law and to provide just

23   punishment for the offense.  It is important to afford

24   adequate deterrence to criminal conduct, to protect the public

25   from further crimes of the Defendant, and it also will be a

22

1    sentence that will provide Mr. Jefferson with needed

2    educational and vocational training.

3            Under the Sentencing Reform Act of 1984, it is the

4    Judgment of the Court that Mr. Jefferson be and hereby is

5    committed to the custody of the Bureau of Prisons to the

6    lowest end of the Guideline range, which is 235 months'

7    imprisonment.

8            It shall run -- I am -- I believe that no useful

9    purpose would be served by making the sentence run

10   consecutively to the sentence I'm issuing today.  There may be

11   some criticism of that because it appears that there is no

12   punishment for the prior offense; however, because of the

13   nature of the very severe sentence that must be imposed, I'm

14   making that sentence run concurrently in case

15   4:03-CR-0049-ERW.

16           While in the Bureau of Prisons, it is recommended

17   that Mr. Jefferson be evaluated for participation in the

18   Residential Drug Abuse Program if that is consistent with

19   Bureau of Prisons policies.  For the record, it indicates that

20   Mr. Jefferson began using marijuana at the age of 15.

21           Upon release from imprisonment, he shall be placed on

22   supervised release for a term of five years.  This term

23   consists of terms of five years on each of Counts I and IV,

24   all of the terms to be run concurrently.

25           Within 72 hours of release from the custody of the

23

1   Bureau of Prisons, he shall report in person to the Probation

2   Office in the district to which he is released.

3        While on supervision, he shall comply with the

4   standard conditions that have been adopted by this Court and

5   shall comply with the following additional conditions:

6        He shall refrain from any unlawful use of a

7   controlled substance and submit to a drug test within 15 days

8   of the beginning of supervision and at least two periodic drug

9   tests thereafter for use of a controlled substance.

10       He shall participate in a drug or alcohol abuse

11   treatment program approved by the United States Probation

12   Office, which may include substance abuse testing, counseling,

13   residence in a community corrections center, residence in a

14   comprehensive sanctions center, residential reentry center, or

15   inpatient treatment in a treatment center or hospital.  He

16   shall pay the costs associated with substance abuse services

17   based on a copayment fee established by the United States

18   Probation Office.  Copayments shall never exceed the total

19   cost of services provided.

20       He shall submit his person, residence, office,

21   vehicle or vehicles to a search or searches conducted by the

22   United States Probation Office at reasonable times and in a

23   reasonable manner based upon reasonable suspicion of

24   contraband or evidence of a violation of a condition of

25   release.  Failure to submit to a search may be grounds for

24

1  revocation.  He shall warn any other residents that the

2  premises may be subject to searches under this condition.

3       He has no ability to pay a fine.  No fine is imposed.

4  He must pay the special assessment of $200, which is due and

5  payable immediately.

6       Any notice of appeal that you have a right to file

7  must be filed within 10 days of this date.  If you're unable

8  to pay the cost of an appeal, you may apply for leave to

9  appeal in forma pauperis, and the Clerk of the Court shall

10  assist you with those filings.

11       Counts II, VIII, and IX are dismissed, correct,

12  Mr. Hoag?

13       MR. HOAG:  Yes, Your Honor, that's correct.

14       THE COURT:  I'm recommending that, first,

15  Mr. Jefferson be given the benefit of all college education

16  classes and any vocational training available through the

17  Bureau of Prisons, that he be placed as close to St. Louis as

18  possible, that he receive the 500-hour special drug treatment

19  program.

20       Are there any other recommendations?

21       MR. JOHNSON:  No, Your Honor.  Thank you.

22       THE COURT:  All right.

23       MR. HOAG:  Thank you, Your Honor.

24     (Proceedings concluded at 9:50 a.m.)

25

Case 2:21-cv-01001-PA-AS    Document 1    Filed 01/29/21    Page 87 of 98    Page ID
#:87
08  Case 4:07-cr-00104-ERW  Doc #: 543.0  USA v. Jefferson

25

## CERTIFICATE

I, Gayle D. Madden, Registered Diplomate Reporter and Certified Realtime Reporter, hereby certify that I am a duly appointed Official Court Reporter of the United States District Court for the Eastern District of Missouri.

I further certify that the foregoing is a true and accurate transcript of the proceedings held in the above-entitled case and that said transcript is a true and correct transcription of my stenographic notes.

I further certify that this transcript contains pages 1 through 24 inclusive.

Dated at St. Louis, Missouri, this 27th day of February, 2008.


/s/ Gayle D. Madden

GAYLE D. MADDEN, CSR, RDR, CRR

Official Court Reporter

INMATE REQUEST TO STAFF CDFRM

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member)<br>Records Dept. USP Florence | DATE: April 10, 2020 |
|---|---|
| FROM: Sammy Jefferson | REGISTER NO.: 29076044 |
| WORK ASSIGNMENT:<br>Effective P.S. 5880.28 Sentence Computation | UNIT: D/A Cell #222 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

Please take "Notice" that the herein "INMATE REQUEST TO STAFF" is intended to serve as an endeavor to address, correct, adjust, credit toward of sentence and place for "Official Detention", since arrest date prior to the date the sentence commences. Program Statement 5880.28 Sentence Computation Manual (ACCA of 1984) states that these procedures shall apply to this case 4:07-cr-00184-ERW-20 and [any] case 4:03-cr-0049-ERW situation where is necessary to obtain a correct date of offense for sentence computation.

Sammy Jefferson was taken into federal custody on 5-23-2007, for the instant offense. Jefferson has been in federal custody "Official Detention" since 9-1-200 under Docket No. 4:03-CR00049 ERW pending a supervised release revocation hearing.

DISPOSITION:



| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate

PDF                              Prescribed by P5511

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

U.S. District Court Eastern District of Missouri, Senior Judge E. Richard Webber Sentencing Transcripts dated 1-17-08 p. 18 Paragraph 8 - 15 clearly draws his conclusion on both cases in question that must be imposed making that sentence run concurrently in case 4:03-cr-0049-04 and 4:07-cr-00184-ERW-20. That both Sentences be served simultaneously (e.g. Amended Judgment 200 months and subsequent term of supervised release revocation will undermine his official detention herein 9-1-2006, Jefferson is entitled to the total amount of prison time is 200 months.

Bureau of Prison does not have power to unilaterally eliminate U.S. District court determined credit, thereby increasing Jefferson sentence.

That credit be adjusted immediately from the date of initial and official detention, not speculation or unfounded allegations, determinations shall be based on Judge E. Richard Webber intent and colloquy date of sentence 1-17-2008 including his amended sentence reduction to 200 months is the understanding of the sentencing hearing proceedings that was exchange between the judge, the prosecutor, the defense counsel and Jefferson, to act in accordance with or in conformity with the Sentencing Reform Act of 1984, pertaining to both case files.

This would be this writer's only endeavor to request the "CORRECT" commencement of sentence from initial official detention pursuant to 18 U.S.C. section 3585 (a) and in accordance to Bureau of Prisons program statement [P.S. 5880.28]. Nunc Pro Tunc; having retroactive legal effect through [a courts inherent power to correct error in the record.

cc: self copy

Respectfully Submitted;

By: _____
Sammy Jefferson
Reg No. 29076044
April 10, 2020

Sentence Computation
USP Florence Records Dept.

Page 2 of 2

U.S. v. Dorsey, 166 F.3d 558, 563 (3d Cir 19
Manuel v. Terris, 803 F.3d 8, 828-20

Case 4:03CR00049 ERW for 22 mos was imposed 6-5-2007. Case S1-407CR00R4 ERW for 235 mos was imposed on 1-17-2008. This is considered a concurrent overlap situation. Although ordered to run concurrent the second case cannot begin running before it was imposed on 1-17-2008. In addition, you received a sentence reduction from 235 to 200 mos for Case S1407CR00R4 ERW which we applied. The review of your sentence calculation reflects it is correct and your TIE is now 17 yrs 3 mos 12 days or 207 months 12 days, not 242 mos 12 days as you indicate in your correspondence. I sincerely hope this answers your question.

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Jefferson  Timothy                    290766044          D/A          USP Florence

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

(I/M) Jefferson appeals the egregious violation of the BOP increasing I/M Judgment, amended Judgment received in case no. 4:07-CR-184-EKW 4:05CR00044 ERW thereby increasing Jefferson sentence by 7 months.

On 11/7/2008 he was sentenced to 275 months on each count to run concurrently and 5 year of supervised.

On 8/11/2015, the court issued an amended Judgment with an effective date of 11/1/2015 reducing Jefferson's sentence to 200 months on each count and 5 years supervised release, including all post-release. It is entered on the records dated 8/11/2015, 22 months to be served with 200 months concurrent - total.

May 9, 2020

| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

See Attached

| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE                    CASE NUMBER: _____

                                                 CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

BP–229(13)

**BP-229 RESPONSE**                                         **Case Number: 1018773-F1**

Your Request for Administrative Remedy dated May 6, 2020, and received in this office May 11, 2020, has been reviewed. You claim the Bureau of Prisons (BOP) increased your amended judgment by seven months. As relief, you request for your sentence computation to be amended.

A review of the issue(s) raised in your Request for Administrative Remedy has been conducted. The results of the review revealed on June 5, 2007 a 22 month sentence was imposed. On January, 17, 2008, a 235 month sentence was imposed. This is considered a concurrent overlap situation. Although ordered to run concurrent, the second case cannot begin running before it was imposed on January 17, 2008. In addition, on August 11, 2015, you received an amended judgment reducing your sentence from 235 months to 200 months, which the Designation and Sentence Computation Center (DCSS) applied. Any challenge to that sentence has to occur with the sentencing court and not the BOP. Your computation was calculated on March 2, 2020 and certified on March 10, 2020 by the DSCC. The BOP merely enters what the court provides in the Judgement and the sentence has been computed as directed by the Sentencing Court, federal statute, and Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984)". The computation is correct, and your term in effect is now 17 years, 3 months and 12 days.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____                    _____6/12/2020_____
J.A. Barnhart, Warden                                          Date

INMATE REQUEST TO STAFF CDFRM

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Records Dept, USP Florence | DATE: April 10, 2020 |
|---|---|
| FROM: Sammy Jefferson | REGISTER NO.: 29076044 |
| WORK ASSIGNMENT: Effective P.S. 5880.28 Sentence Computation | UNIT: D/A Cell #222 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

Please take "Notice" that the herein "INMATE REQUEST TO STAFF" is intended to serve as an endeavor to address, correct, adjust, credit toward of sentence and place for "Official Detention", since arrest date prior to the date the sentence commences. Program Statement 5880.28 Sentence Computation Manual (ACCA of 1984) states that these procedures shall apply to this case 4:07-cr-00184-ERW-20 and [any] case 4:03-cr-0049-ERW situation where is necessary to obtain a correct date of offense for sentence computation.

Sammy Jefferson was taken into federal custody on 5-23-2007, for the instant offense. Jefferson has been in federal custody "official Detention" since 9-1-200_ under Docket No. 4:03-CR00049 ERW. Pending a supervised release revocation hearing.

(Do not write below this line)

DISPOSITION:

_____

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate

PDF                              Prescribed by P5511

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

U.S. District Court, Eastern District of Missouri, Senior Judge E. Richard webber Sentencing Transcripts dated 1-17-08 p. 18 paragraph 8.-15, clearly draws his conclusion on both cases in question that must be imposed making that sentence run concurrently in case 4:03-cr-0044-EI and 4:07-cr-00184-ERW-20. That both sentences be served simultaneous (e.g., amended judgment 200 months and subsequent term of supervised release revocation will undermine his official detention herein 9-1-2006, Jefferson is entitled to the total amount of prison time is 200 months.

Bureau of Prison does not have power to unilaterally eliminate U.S. District court determined credit, thereby increasing Jefferson sentence.

That credit be adjusted immediately from the date of initial and official detention, not speculation or unfounded allegations, determinations shall be based on Judge E. Richard webber intent and colloquy date of sentence 1-17-2008 including his amended sentence reduction to 200 months is the understanding of the sentencing hearing proceedings that was exchange between the judge, the prosecutor, the defense counsel and Jefferson, to act in accordance with or in conformity with the Sentencing Reform Act of 1984. Pertaining to both case files.

This would be this writer's only endeavor to request the "CORRECT" Commencement of sentence from initial official detention pursuant to 18 U.S.C. section 3585 (a) and in accordance to Bureau of Prisons program statement [P.S. 5880.28]. Nunc Pro Tunc; having retroacti legal effect through [a courts inherent power to correct error in th record.

CC: self copy                                     By: _____
                                                        Sammy Jefferson
Respectfully Submitted ;                         Reg No. 29076044
                                                        April 10, 2020

_____
Sentence Computation
USP Florence Records Dept.

                Page 2 of 2                      U.S. v. Dorsey, 166 F.3d 558
                                                              563 (3d Cir 199
                                                 Manuel v. Terris, 803 F.3d8
                                                              828-20

Case 4:03CR00049 ERW for 22 mos was imposed 6-5-2007. Case S1-407CR00R4 ERW for 235 mos was imposed on 1-17-2008. This is considered a concurrent overlap situation. Although ordered to run concurrent the second case cannot begin running before it was imposed on 1-17-2008. In addition, you received a sentence reduction from 235 to 200 mos for Case S1407CR00R4 ERW which we applied. The review of your sentence calculation reflects it is correct and your TIE is now 17 yrs 3 mos 12 days or 207 months 12 days, not 242 mos 12 days as you indicate in your correspondence. I sincerely hope this answers your question.

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Jefferson, Jimmy G    24076044    D/A    USP Florence

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

(I/M) Jefferson appeals the egregious violation of the BOP increasing I/M Judgment, amended Judgment received in case no. 4:07-CR-184-EKW 4:08CR00044 EKW thereby increasing Jefferson sentence by 7 months.

On 11/7/2008 he was sentenced to 235 months on each count to run concurrently and a year of supervised.

On 8/11/2015, the Court issued an amended Judgment with an effective date of 11/1/2015 reducing Jefferson's sentence to 200 months on each count and 5 years supervised release, including all probations. It is entered on the records dated 8/1/2015, 22 months to be served with 200 months concurrent - total:

May 2, 2020

| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

See Attached

| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: _____

SECOND COPY: RETURN TO INMATE

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

BP–229(13)

**BP-229 RESPONSE**                                   **Case Number: 1018773-F1**

Your Request for Administrative Remedy dated May 6, 2020, and received in this office May 11, 2020, has been reviewed. You claim the Bureau of Prisons (BOP) increased your amended judgment by seven months. As relief, you request for your sentence computation to be amended.

A review of the issue(s) raised in your Request for Administrative Remedy has been conducted. The results of the review revealed on June 5, 2007 a 22 month sentence was imposed. On January, 17, 2008, a 235 month sentence was imposed. This is considered a concurrent overlap situation. Although ordered to run concurrent, the second case cannot begin running before it was imposed on January 17, 2008. In addition, on August 11, 2015, you received an amended judgment reducing your sentence from 235 months to 200 months, which the Designation and Sentence Computation Center (DCSS) applied. Any challenge to that sentence has to occur with the sentencing court and not the BOP. Your computation was calculated on March 2, 2020 and certified on March 10, 2020 by the DSCC. The BOP merely enters what the court provides in the Judgement and the sentence has been computed as directed by the Sentencing Court, federal statute, and Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>". The computation is correct, and your term in effect is now 17 years, 3 months and 12 days.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____                              _____6/12/2020_____
J.A. Barnhart, Warden                                Date



Sammy Jefferson, Reg no. 29076044
P.O. BOX 7000
USP Florence
U.S. Penitentiary
Florence, Colorado 81226-7000

CERTIFIED MAIL

7020 0640 0000 0339 1513

United States District Court
Central District of California
312 North Spring street, Room G-8
Los Angeles, California 90012
Attention Pro- Se Clerk

Legal Document